1  J. Greg Coulter (State Bar No. 016890)
   Allan S. Rubin (Pro Hac Vice)
2  **JACKSON LEWIS P.C.**
3  2111 East Highland Avenue
   Suite B-250
4  Phoenix, AZ 85016
   Telephone: (602) 714-7044
5  Facsimile: (602) 714-7045
6  Greg.Coulter@jacksonlewis.com
   Allan.Rubin@jacksonlewis.com
7
8  John Doran (State Bar No. 012112)
   Craig Morgan (State Bar No. 023373)
9  **SHERMAN & HOWARD LLC**
10 2555 E. Camelback Road, Suite 1050
   Phoenix, AZ 85016
11 Telephone: (602) 240-3000
12 jdoran@shermanhoward.com
   cmorgan@shermanhoward.com
13 Attorneys for Defendant, Rocket
   Mortgage, LLC
14
15              UNITED STATES DISTRICT COURT

16                   DISTRICT OF ARIZONA

17 **Rachael Gilburd,** an Arizona Resident;    Case No: 2:23-cv-00010-DLR
   **Andrew Gebhart,** an Arizona Resident**;**
18 **Daniel Featherstone**, an Arizona Resident;
   **Derek Martin**, an Arizona Resident; **Angela**
19 **McGuire,** an Arizona Resident; **Kori Morin**,
   an Arizona Resident, **Katherine Redas**, an    **DEFENDANT'S ANSWER TO**
20 Arizona Resident, **Erin Salava**, an Arizona   **PLAINTIFFS' FIRST AMENDED**
   Resident;  **David  Vallejo,**  a  Michigan     **COLLECTIVE ACTION**
21 Resident;  and  **Nick  Vincent**,  an  Arizona **COMPLAINT**
   Resident, Individually and on Behalf of All
22 Others Similarly Situated,
23
              Plaintiffs,
24
25 v.

26 **Rocket  Mortgage,  LLC,**  a  Michigan
   limited liability company,
27
28            Defendant.

Defendant Rocket Mortgage, LLC ("Rocket Mortgage") by and through its attorneys, Jackson Lewis P.C., for its Answer to Plaintiffs' First Amended Complaint ("Complaint") and Affirmative Defenses state as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiffs and the Collective Members are current and former mortgage bankers employed by Defendant.

**ANSWER:  Defendant Rocket Mortgage admits only that each named Plaintiff and those persons who have presently filed consent to join forms are current or former employees of Rocket Mortgage.**

2.      Plaintiffs bring this action on behalf of themselves and all other similarly situated Collective Members who were not fully compensated their overtime wages.

**ANSWER:  Defendant Rocket Mortgage admits only that Plaintiffs purport to plead a putative collective action but deny any allegations of wrongdoing or that Rocket Mortgage is liable to Plaintiffs or the putative collective in any amount. All other allegations in this paragraph are denied.**

3.      Plaintiffs and the Collective Members were non-exempt and were not paid one-and-one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.

**ANSWER:  Defendant Rocket Mortgage admits only that each named Plaintiff and those persons who have presently filed consent to join forms are current or former employees of Rocket Mortgage who were, during the relevant period, classified as non-exempt employees during at least some period. All other allegations in this paragraph are denied.**

4.      Plaintiffs and the Collective Members bring this action against Defendant for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (hereinafter "**FLSA**").

**ANSWER:  Defendant Rocket Mortgage admits only that Plaintiffs purport to plead a putative collective action and purport to allege a claim for overtime but**

deny any allegations of wrongdoing or that Rocket Mortgage is liable to Plaintiffs or the putative collective in any amount.

5. This is an action for equitable relief, overtime wages, unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

**ANSWER:** **Defendant Rocket Mortgage admits only that Plaintiffs purport to plead allege a claim as alleged in this paragraph of their Complaint but deny any allegations of wrongdoing or that Rocket Mortgage is liable to Plaintiffs or the putative collective in any amount.**

6. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees one-and-one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek. *See* 29 U.S.C. § 207(a).

**ANSWER:** **Defendant Rocket Mortgage admits only that the language of the FLSA speaks for itself. Further, this paragraph contains only legal conclusions to which no answer is required.**

### JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.*

**ANSWER:** **Defendant admits the allegations contained in this paragraph of Plaintiffs' Complaint.**

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiffs and the Collective Members occurred within the District of Arizona, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**ANSWER:** **Defendant Rocket Mortgage denies the allegations contained in this paragraph of Plaintiffs' Complaint.**

9.    This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

**ANSWER:  Defendant Rocket Mortgage denies the allegations contained in this paragraph of Plaintiffs' Complaint.**

## PARTIES

10.    At all relevant times to the matters alleged herein, Plaintiffs resided in the District of Arizona.

**ANSWER:  Defendant Rocket Mortgage denies the allegations contained in this paragraph of Plaintiffs' Complaint.**

11.    At all relevant times to the matters alleged herein, Plaintiffs were full-time employees of Defendant.

**ANSWER:  Defendant Rocket Mortgage only admits the allegations contained in this paragraph of Plaintiffs' Complaint as it relates to the named Plaintiffs.**

12.    At all relevant times to the matters alleged herein, Plaintiffs were employees of Defendant as defined by 29 U.S.C. § 203(e)(1).

**ANSWER:  Defendant Rocket Mortgage admits the allegations contained in this paragraph of Plaintiffs' Complaint.**

13.    At all relevant times to the matters alleged herein, Plaintiffs and the Collective Members were non-exempt employees.

**ANSWER:   Defendant Rocket Mortgage denies the allegation contained in this paragraph of Plaintiffs' Complaint because the allegation improperly assumes that at all times during the relevant period the Plaintiffs and/or the members of the collective were always employed as non-exempt employees within the meaning of the FLSA.**

14.    Defendant Rocket Mortgage LLC is a company authorized to do business in Arizona.

**ANSWER:  Defendant Rocket Mortgage admits the allegations contained in this paragraph of Plaintiffs' Complaint.**

15.    Defendant was Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

**ANSWER:   Defendant Rocket Mortgage only admits that it was, during the relevant period, the employer of Plaintiffs and the collective members during the period of time they were employed by Rocket Mortgage.**

16.    Upon reasonable belief, Plaintiffs and the Collective Members, in their work for Defendant, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2020.

**ANSWER:   Defendant Rocket Mortgage admits the allegations contained in this paragraph of Plaintiffs' Complaint.**

17.    Upon reasonable belief, Plaintiffs and the Collective Members, in their work for Defendant, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

**ANSWER:   Defendant Rocket Mortgage admits the allegations contained in this paragraph of Plaintiffs' Complaint.**

18.    Upon reasonable belief, Plaintiffs and the Collective Members, in their work for Defendant, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

**ANSWER:   Defendant Rocket Mortgage admits the allegations contained in this paragraph of Plaintiffs' Complaint.**

19.    At all relevant times, Plaintiffs and the Collective Members, in their work for Defendant, were engaged in commerce or the production of goods for commerce.

**ANSWER:   Defendant Rocket Mortgage admits the allegations contained in this paragraph of Plaintiffs' Complaint.**

20.    At all relevant times, Plaintiffs and the Collective Members, in their work for Defendant, were engaged in interstate commerce.

**ANSWER:   Defendant Rocket Mortgage admits the allegations contained in this paragraph of Plaintiffs' Complaint.**

21.     Plaintiffs and the Collective Members, in their work for Defendant, regularly handled goods produced and transported in interstate commerce.

**ANSWER:  Defendant Rocket Mortgage admits the allegations contained in this paragraph of Plaintiffs' Complaint.**

22.     Plaintiffs and the Collective Members would communicate regarding business matters via telephone.

**ANSWER:  Defendant Rocket Mortgage admits the allegations contained in this paragraph of Plaintiffs' Complaint.**

23.     Plaintiffs and the Collective Members are covered employees under individual coverage.

**ANSWER:  Defendant Rocket Mortgage neither admits nor denies the allegations contained in this paragraph of Plaintiffs' Complaint as same call for a legal conclusion for which no answer is required. But in further answer, Defendant Rocket Mortgage admits that it was an employer and Plaintiffs were employees as those terms are defined with the FLSA while employed by Rocket Mortgage.**

24.     Plaintiffs and the Collective Members are covered employees under enterprise coverage.

**ANSWER:  Defendant Rocket Mortgage neither admits nor denies the allegations contained in this paragraph of Plaintiffs' Complaint as same call for a legal conclusion for which no answer is required. But in further answer, Defendant Rocket Mortgage admits that it was an employer and Plaintiffs were employees as those terms are defined with the FLSA while employed by Rocket Mortgage.**

## FACTUAL ALLEGATIONS RELATING TO PLAINTIFFS

25.     Defendant Rocket Mortgage, LLC is a mortgage company.

**ANSWER:  Defendant Rocket Mortgage admits the allegations contained in this paragraph of Plaintiffs' Complaint.**

26.    From approximately April 2020 through July 2021, Plaintiffs were employed by Defendant under the business entity name of Quicken Loans, LLC. On or about, July 30, 2021, Quicken Loans, LLC changed its name to Rocket Mortgage, LLC.

**ANSWER:   Defendant Rocket Mortgage admits the allegations contained in this paragraph of Plaintiffs' Complaint as to the named Plaintiffs only, but neither admits nor denies the allegations contained in this paragraph as to the putative collective members for lack of information to necessary to admit nor deny the allegations. Rocket Mortgage admits that it changed its name from Quicken Loans, LLC to Rocket Mortgage, LLC to Rocket Mortgage LLC on July 31, 2021.**

27.    Prior to on or about April 15, 2020, Plaintiffs were employed by Defendant under the business entity name of Quicken Loans, Inc. Quicken Loans, Inc. was converted into Rocket Mortgage, LLC on or about April 15, 2020.

**ANSWER:   Defendant Rocket Mortgage denies the allegations contained in this paragraph of Plaintiffs' Complaint. In further answer to this paragraph of Plaintiffs' Complaint, Rocket Mortgage admits only that Quicken Loans, Inc. converted from a corporation to a limited liability company on April 15, 2020 and Quicken Loans, LLC changed its name to Rocket Mortgage on July 31, 2021.**

28.    Plaintiff Rachael Gilburd was employed by Defendant from on or around August 7, 2020 until August 27, 2022.

**ANSWER:   Defendant Rocket Mortgage admits the allegation contained in this paragraph of Plaintiffs' Complaint.**

29.    Plaintiff Andrew Gebhart was employed by Defendant from on or around January 14, 2013 until February 8, 2022.

**ANSWER:   Defendant Rocket Mortgage admits the allegation contained in this paragraph of Plaintiffs' Complaint.**

30.    Plaintiff Daniel Featherstone was employed by Defendant from on or around October 14, 2013 until August 29, 2022.

**ANSWER: Defendant Rocket Mortgage admits the allegation contained in this paragraph of Plaintiffs' Complaint.**

31.   Plaintiff Derek Martin was employed by Defendant from on or around February 5, 2018 until August 12, 2022.

**ANSWER: Defendant Rocket Mortgage admits the allegation contained in this paragraph of Plaintiffs' Complaint.**

32.   Plaintiff Angela McGuire was employed by Defendant from on or around January 4, 2021 until August 1, 2022.

**ANSWER: Defendant Rocket Mortgage admits the allegation contained in this paragraph of Plaintiffs' Complaint.**

33.   Plaintiff Kori Morin was employed by Defendant from on or around March 9, 2015 until August 17, 2022.

**ANSWER: Defendant Rocket Mortgage admits the allegation contained in this paragraph of Plaintiffs' Complaint.**

34.   Plaintiff Katherine Redas was employed by Defendant from on or around June 5, 2017 until October 1, 2022.

**ANSWER: Defendant Rocket Mortgage admits the allegation contained in this paragraph of Plaintiffs' Complaint.**

35.   Plaintiff Erin Salava was employed by Defendant from on or around July 2, 2021 until July 19, 2022.

**ANSWER: Defendant Rocket Mortgage admits the allegation contained in this paragraph of Plaintiffs' Complaint.**

36.   Plaintiff David Vallejo was employed by Defendant from on or around November 16, 2015 until May 6, 2022.

**ANSWER: Defendant Rocket Mortgage admits the allegation contained in this paragraph of Plaintiffs' Complaint.**

37.   Plaintiff Nick Vincent was employed by Defendant from on or around July 1, 2019 until August 18, 2022.

**ANSWER:  Defendant Rocket Mortgage admits the allegation contained in this paragraph of Plaintiffs' Complaint.**

38.    During their employment, Plaintiffs' were mortgage bankers whose primary job duties included the origination of residential mortgages.

**ANSWER:  Defendant Rocket Mortgage admits only that Plaintiffs were employed as mortgage bankers during at least part of their employment with Rocket Mortgage. Defendant Rocket Mortgage denies that all Plaintiffs were always employed as mortgage bankers during the entirety of their employment with Rocket Mortgage.**

39.    At all relevant times, Plaintiffs were to be paid what was called a "salary" on their paystubs but was really pay for 40 hours of work at an hourly rate at or near minimum wage.

**ANSWER:  Defendant Rocket Mortgage admits Plaintiffs were paid a salary but denies the remaining allegations contained in this paragraph of Plaintiffs' Complaint.**

40.    Prior to May of 2020, Plaintiffs received commissions based upon their ability to get loans for customers approved.

**ANSWER:  Defendant Rocket Mortgage admits only that those Plaintiffs employed by Rocket Mortgage as mortgage bankers before May 2020 were paid "commissions" under the terms of a written incentive plan as published by Rocket Mortgage from time-to-time.**

41.    Beginning in May of 2020, Plaintiffs commissions were changed to "Monthly Sales Incentive" on their paystubs.

**ANSWER:  Defendant Rocket Mortgage admits only that mortgage bankers employed by Rocket Mortgage were paid a monthly Sale incentive payment if they met the requirements for payment of the sales incentive under the terms of a written incentive plan as published by Rocket Mortgage from time-to-time.**

42. The method of calculating the "Monthly Sales Incentive" changed regularly throughout Plaintiffs' employment with Defendant.

**ANSWER: Defendant Rocket Mortgage admits only that it paid monthly incentive payments to mortgage bankers who met the requirements published by Rocket Mortgage from time-to-time to qualify for the incentive payment. All other allegations are denied.**

43. Plaintiffs also received pay for incentives and contests.

**ANSWER: Defendant Rocket Mortgage admits only that it paid additional compensation in the form of incentives and contest awards from time-to-time if the mortgage banker met the requirements for receipt of such compensation.**

44. Plaintiffs routinely worked in excess of 40 hours per week.

**ANSWER: Defendant Rocket Mortgage admits that Plaintiffs may have worked in excess of 40-hours per week from time-to-time, but nether admits nor denies that such work was "routine" or that all Plaintiffs "routinely" worked in excess of 40-hours per week for lack of information to necessary to admit nor deny the allegation.**

45. During each pay period, Plaintiffs were paid for the first 40 hours they worked at a rate at or near minimum wage and called "Salary" on their pay stub.

**ANSWER: Defendant Rocket Mortgage denies the allegations contained in this paragraph of Plaintiffs' Complaint, but admits Plaintiffs were paid a salary.**

46. Plaintiffs did not have a clear and mutual understanding with Defendant that the "Salary" line item on their paystubs was intended to be a fixed salary that was intended to be compensation for all hours worked each workweek regardless of the number of hours worked.

**ANSWER: Defendant Rocket Mortgage denies the allegations contained in this paragraph of Plaintiffs' Complaint.**

47. The amount of the "Salary" line item on Plaintiffs' paystubs was not sufficient to compensate Plaintiffs at a rate not less than the applicable minimum wage

rate for every hour worked in those workweeks in which the numbers of hours the Plaintiffs worked was the greatest.

**ANSWER:** **Defendant Rocket Mortgage denies the allegations contained in this paragraph of Plaintiffs' Complaint.**

48. During each pay period Plaintiffs worked over 40 hours, Plaintiffs were also paid an amount for "Salary Adjust", "Salary Adjust OT", and "Overtime."

**ANSWER:** **Defendant Rocket Mortgage admits that if a Plaintiff worked overtime they were paid overtime and if they received salary adjustments during the pay period and worked overtime they were paid overtime on the salary adjustments.**

49. Plaintiffs did not have a clear and mutual understanding of the purpose or method of calculation for the line items on their paystubs called "Salary Adjust", "Salary Adjust OT", and "Overtime."

**ANSWER:** **Defendant Rocket Mortgage denies the allegations contained in this paragraph of Plaintiffs' Complaint.**

50. For the "Salary Adjust" line item, Plaintiffs were paid an additional amount for some overtime hours worked at the minimum wage rate.

**ANSWER:** **Defendant Rocket Mortgage admits only that at times, salary adjustments were paid to an employee and that Plaintiffs may have received salary adjustments that provided additional compensation to Plaintiffs.**

51. As a result of the "Salary Adjust" compensation, Plaintiffs alleged salary varied from week to week depending on the number of hours worked.

**ANSWER:** **Defendant Rocket Mortgage denies the allegations contained in this paragraph of Plaintiffs' Complaint.**

52. In 2020 and 2021, the hourly rate at which Plaintiffs were paid for "Salary Adjust" was less than the hourly rate for their non-overtime hours.

**ANSWER:** **Rocket Mortgage denies the allegation contained in this paragraph of Plaintiffs' Complaint as it improperly presumes Plaintiffs were paid an "hourly rate" as opposed to a salary intended to compensate them for all hours worked.**

53.     In 2022, the hourly rate at which Plaintiffs that did not reside in Arizona were paid for "Salary Adjust" was less than the hourly rate for their non-overtime hours.

**ANSWER:  Rocket Mortgage denies the allegation contained in this paragraph of Plaintiffs' Complaint as it improperly presumes Plaintiffs were paid an "hourly rate" as opposed to a salary intended to compensate them for all hours worked.**

54.     Plaintiffs were also paid an amount for "Salary Adjust OT" and "Overtime" on their paystubs.

**ANSWER:  Defendant Rocket Mortgage admits the allegation contained in this paragraph of Plaintiffs' Complaint.**

55.     In 2020 and 2021, and 2022 for non-Arizona residents, the amounts paid for "Salary Adjust OT" and "Overtime" plus the amount for "Salary Adjust" resulted in Plaintiffs receiving less than one and a half times their regular rate of pay in each workweek on their regular paychecks.

**ANSWER:  Defendant Rocket Mortgage denies the allegations contained in this paragraph of Plaintiffs' Complaint.**

56.     Once a month, Plaintiffs were paid commissions, monthly incentive pay, contest pay, and award gifts.

**ANSWER:  Defendant Rocket Mortgage only admits the allegations contained in this paragraph of Plaintiffs' Complaint to the extent Plaintiff were employed by Rocket Mortgage and earned monthly incentive pay, contest pay, and/or award pay for the month under the terms of the incentive plan and the payment for those items occurred within the month.**

57.     The method of calculating commissions and monthly incentive pay changed numerous times during Plaintiffs employment. However, the commissions and monthly incentive pay were always based upon the number of loans that the Plaintiffs were able to have approved or closed.

**ANSWER:  Defendant Rocket Mortgage denies the allegations contained in this paragraph of Plaintiffs' Complaint as it presumes that "commissions" and monthly**

1   **incentive pay were always or solely based on the "number of loans" approved or**

2   **closed.**

3       58.     In addition, once a month, Plaintiffs were paid an additional sum for

4   "Retro OT."

5   **ANSWER:  Defendant Rocket Mortgage only admits the allegations contained in**

6   **this paragraph of Plaintiffs' Complaint to the extent that any Plaintiff may have**

7   **worked overtime during the month and the Plaintiff also earned additional**

8   **incentive compensation.**

9       59.     Plaintiffs did not have a clear and mutual understanding as to the method

10  of calculation for the "Retro OT" line item.

11  **ANSWER:   Defendant Rocket Mortgage denies the allegations contained in this**

12  **paragraph of Plaintiffs' Complaint.**

13      60.     The "Retro OT" pay was not calculated by adding up the amount of

14  commissions, monthly incentive pay, or other award compensation that was attributable

15  to a given workweek plus the regular rate for all hours worked, divided by the number of

16  hours worked and then multiplied by 1.5 and then multiplied by the number of overtime

17  hours.

18  **ANSWER:   Defendant Rocket Mortgage denies the allegations contained in this**

19  **paragraph of Plaintiffs' Complaint and further denies Plaintiffs have properly**

20  **identified how overtime was to be calculated.**

21      61.     The method Defendant used for calculating the regular rate and paying out

22  overtime was in violation of the FLSA, as they among other things only multiplied the

23  commissions or incentive pay by one half times the overtime hours worked instead of

24  one and a half times.

25  **ANSWER:   Defendant Rocket Mortgage denies the allegations contained in this**

26  **paragraph of Plaintiffs' Complaint.**

27      62.     While Plaintiffs were paid some overtime pay, Plaintiffs were not paid the

28  correct amount of their overtime wages.

1  **ANSWER:  Defendant Rocket Mortgage denies the allegations contained in this**
2  **paragraph of Plaintiffs' Complaint.**

3      63.    At all times, Plaintiffs were required to be on call 24/7, seven days a week.

4  **ANSWER:  Defendant Rocket Mortgage denies the allegations contained in this**
5  **paragraph of Plaintiffs' Complaint.**

6      64.    Plaintiffs were instructed by their supervisors, managers, and directors that
7  they were required to promptly respond to emails and telephone calls on weeknights and
8  weekends.

9  **ANSWER:  Defendant Rocket Mortgage denies the allegations contained in this**
10  **paragraph of Plaintiffs' Complaint.**

11      65.    If Plaintiffs failed to timely respond to emails or telephone calls after
12  normal work hours during the week and on weekends, they could be subjected to
13  negative comments from supervisors, discipline, threats of termination or termination.

14  **ANSWER:  Defendant Rocket Mortgage denies the allegations contained in this**
15  **paragraph of Plaintiffs' Complaint.**

16      66.    Plaintiffs were instructed by management to refrain from engaging in
17  activities that would prevent them from being able to promptly respond to emails or calls
18  on weeknights and weekends.

19  **ANSWER:  Defendant Rocket Mortgage denies the allegations contained in this**
20  **paragraph of Plaintiffs' Complaint.**

21      67.    Plaintiffs were not compensated for all overtime hours they worked
22  responding to emails or telephone calls on weeknights or on weekends.

23  **ANSWER:  Defendant Rocket Mortgage denies the allegations contained in this**
24  **paragraph of Plaintiffs' Complaint.**

25      68.    Defendant was aware that Plaintiffs were responding to emails and taking
26  telephone calls on weeknights and weekends and that Plaintiffs' were not being
27  compensated for working these overtime hours.

28

1   **ANSWER:  Defendant Rocket Mortgage denies the allegations contained in this**
2   **paragraph of Plaintiffs' Complaint.**

3        69.    At all times relevant, Defendant improperly calculated Plaintiffs regular
4   rate of pay pursuant to the FLSA.

5   **ANSWER:  Defendant Rocket Mortgage denies the allegations contained in this**
6   **paragraph of Plaintiffs' Complaint.**

7        70.    Defendant failed to properly incorporate the commissions, incentives,
8   awards, and additional compensation paid to Plaintiffs in each pay period as part of the
9   determination of their regular rate of pay.

10  **ANSWER:  Defendant Rocket Mortgage denies the allegations contained in this**
11  **paragraph of Plaintiffs' Complaint.**

12       71.    As a result, Defendant failed to pay Plaintiffs overtime at a rate of 1.5
13  times Plaintiffs' regular rate of pay pursuant to the FLSA.

14  **ANSWER:  Defendant Rocket Mortgage denies the allegations contained in this**
15  **paragraph of Plaintiffs' Complaint.**

16       72.    At all relevant times during Plaintiffs' employment, Defendant failed to
17  properly compensate Plaintiffs for all of their overtime hours worked.

18  **ANSWER:  Defendant Rocket Mortgage denies the allegations contained in this**
19  **paragraph of Plaintiffs' Complaint.**

20       73.    Defendant was aware that Plaintiffs' working hours routinely exceeded 40
21  hours.

22  **ANSWER:  Defendant Rocket Mortgage denies the allegations contained in this**
23  **paragraph of Plaintiffs' Complaint in that Plaintiffs fail to define the term**
24  **"routinely." But in further answer to this paragraph of the Plaintiffs' Complaint,**
25  **Defendant Rocket Mortgage admits that employees may have worked more than**
26  **40-hours in a workweek from time-to-time.**

27       74.    Defendant required Plaintiffs to work overtime as a condition of their
28  employment.

**ANSWER: Defendant Rocket Mortgage denies the allegations contained in this paragraph of Plaintiffs' Complaint.**

75. Defendant wrongfully withheld wages from Plaintiffs by failing to pay all wages due for overtime hours Plaintiffs worked.

**ANSWER: Defendant Rocket Mortgage denies the allegations contained in this paragraph of Plaintiffs' Complaint.**

76. Defendant refused and/or failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

**ANSWER: Defendant Rocket Mortgage denies the allegations contained in this paragraph of Plaintiffs' Complaint.**

77. Defendant's failure and/or refusal to compensate Plaintiffs at the rates and amounts required by the FLSA was willful.

**ANSWER: Defendant Rocket Mortgage denies the allegations contained in this paragraph of Plaintiffs' Complaint.**

## COLLECTIVE ACTION ALLEGATIONS

78. Plaintiffs, on behalf of themselves and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

**ANSWER: Defendant incorporate its answers to the preceding paragraphs of Plaintiffs' Complaint as if fully restated herein.**

79. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b).

**ANSWER: Defendant Rocket Mortgage admits only that Plaintiffs purport to bring this action as a collective under the provisions of 29 U.S.C.§216(b) but denies any allegation or inference of wrongdoing, that Rocket Mortgage is liable to Plaintiffs or the putative collective in any amount, or that collective treatment is proper or appropriate in this case.**

80. The proposed collective class for the FLSA claim is defined as follows:

> All persons who work[ed] for Defendant Rocket Mortgage, LLC or its predecessor entities Quicken Loans, LLC and Quicken Loans, Inc.; who work[ed] over 40 hours in any given workweek as a past or present mortgage banker or similar title, or who performed the job duties of working with borrowers through loan processing (the "Collective Members").

**ANSWER: Defendant Rocket Mortgage admits only that Plaintiffs purport to bring this action as a collective as defined in this paragraph but denies any allegation or inference of wrongdoing or that Rocket Mortgage is liable to Plaintiffs or the putative collective in any amount.**

81. Plaintiffs have given their written consent to be Named Party Plaintiffs in this action pursuant to U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

**ANSWER: Defendant Rocket Mortgage admits, on information and belief, that Plaintiffs have provided their written consents to join and that others appear to also have done so. However, Defendant Rocket Mortgage can neither admit nor deny the remaining allegations for lack of information to form a belief thereto but denies any allegation or inference of wrongdoing or that Rocket Mortgage is liable to Plaintiffs or the putative collective in any amount.**

82. At all relevant times, Plaintiffs and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and/or have been subject to Defendant's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay one-and-one-half times Plaintiffs' and the Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendant suffered or permitted them to work.

**ANSWER: Defendant Rocket Mortgage denies the allegations contained in this paragraph of Plaintiffs' Complaint.**

83. Plaintiffs' claims stated herein are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in

1  all pertinent aspects the employment relationship of individuals similarly situated to

2  Plaintiffs' are identical or substantially similar.

3  **ANSWER:  Defendant Rocket Mortgage denies the allegation contained in this**

4  **paragraph of Plaintiffs'' Complaint.**

5       84.   Defendant paid Plaintiffs and the Collective Members an hourly rate.

6  **ANSWER:  Defendant Rocket Mortgage denies the allegations contained in this**

7  **paragraph of Plaintiffs' Complaint.**

8       85.   Plaintiffs and the Collective Members routinely worked over forty (40)

9  hours in a given workweek and were not compensated at the appropriate overtime rate

10 by Defendant for all hours they worked over forty in a given workweek.

11 **ANSWER:  Defendant Rocket Mortgage denies the allegations contained in this**

12 **paragraph of Plaintiffs' Complaint.**

13      86.   The Collective Members perform or have performed the same or similar

14 work as Plaintiffs.

15 **ANSWER:  Defendant Rocket Mortgage denies the allegations contained in this**

16 **paragraph of Plaintiffs' Complaint.**

17      87.   As such, the Collective Members are similar, if not identical, to Plaintiffs

18 in terms of job duties, pay structure, and/or the denial of overtime pay.

19 **ANSWER:  Defendant Rocket Mortgage denies the allegations contained in this**

20 **paragraph of Plaintiffs' Complaint.**

21      88.   Defendant's failure to pay overtime compensation required by the FLSA

22 results from generally applicable policies or practices and does not depend on the

23 personal circumstances of the Collective Members.

24 **ANSWER:  Defendant Rocket Mortgage denies the allegations contained in this**

25 **paragraph of Plaintiffs' Complaint.**

26      89.   The experiences of Plaintiffs, with respect to their pay, are typical of the

27 experiences of the Collective Members.

28

**ANSWER: Defendant Rocket Mortgage denies the allegations contained in this paragraph of Plaintiffs' Complaint.**

90.     All collective members, irrespective of their particular job requirements and job titles, are entitled to overtime compensation based upon their appropriately calculated regular rate of pay for hours worked in excess of forty (40) during a given workweek.

**ANSWER: Defendant Rocket Mortgage neither admits nor denies the allegations contained in this paragraph of Plaintiffs' Complaint as same calls for a legal conclusion for which no answer is required but denies any allegation or inference of wrongdoing or that Rocket Mortgage is liable to Plaintiffs or the putative collective in any amount.**

91.     Notice of this action should be sent to all similarly situated employees.

**ANSWER: Defendant Rocket Mortgage denies the allegations contained in this paragraph of Plaintiffs' Complaint.**

92.     There are numerous similarly situated current and former employees of Defendant who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case.

**ANSWER: Defendant Rocket Mortgage denies the allegations contained in this paragraph of Plaintiffs' Complaint.**

93.     Those similarly stated employees are known to Defendant and are readily identifiable through Defendant's records.

**ANSWER: Defendant Rocket Mortgage neither admits nor denies the allegations contained in this paragraph of Plaintiffs' Complaint as same calls for a legal conclusion for which no answer is required but denies any allegation or inference of wrongdoing or that Rocket Mortgage is liable to Plaintiffs or the putative collective in any amount.**

# COUNT I

## (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

94.     Plaintiffs, on behalf of themselves and the Collective Members, reallege and incorporates by reference all allegations in all preceding paragraphs.

**ANSWER: Defendants incorporate their answers to the preceding paragraphs of Plaintiffs' Complaint as if fully restated herein.**

95.     Plaintiffs and the Collective Members are/were non-exempt employees entitled to the statutorily mandated overtime wages.

**ANSWER:  Defendant Rocket Mortgage neither admits nor denies the allegations contained in this paragraph of Plaintiffs' Complaint as same calls for a legal conclusion for which no answer is required but denies any allegation or inference of wrongdoing or that Rocket Mortgage is liable to Plaintiffs or the putative collective in any amount.**

96.     While employed by Defendant, Plaintiffs and the Collective Members worked numerous hours of overtime that Defendant did not pay at the correct overtime rate or at all.

**ANSWER:  Defendant Rocket Mortgage denies the allegations contained in this paragraph of Plaintiffs' Complaint.**

97.     As a result, Defendant has intentionally failed and/or refused to pay Plaintiffs and the Collective Members all owed overtime according to the provisions of the FLSA.

**ANSWER:  Defendant Rocket Mortgage denies the allegations contained in this paragraph of Plaintiffs' Complaint.**

98.     Defendant further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiffs and the Collective Members in accordance with 29 U.S.C. § 207.

**ANSWER:  Defendant Rocket Mortgage denies the allegations contained in this paragraph of Plaintiffs' Complaint.**

1  99.    Defendant knew that – or acted with reckless disregard as to whether –

2  their refusal or failure to properly compensate Plaintiffs and the Collective Members

3  over the course of their employment would violate federal law, and Defendant was

4  aware of the FLSA overtime requirements during Plaintiffs' and the Collective

5  Members' employment. As such, Defendant's conduct constitutes a willful violation of

6  the FLSA.

7  **ANSWER:  Defendant Rocket Mortgage denies the allegations contained in this**

8  **paragraph of Plaintiffs' Complaint.**

9  100.   As a result of Defendant's failure or refusal to pay Plaintiffs and the

10  Collective Members a wage equal to one-and-one-half times Plaintiffs' and the

11  Collective Members' regular rates of pay for work they performed for Defendant in

12  excess of their regular 40-hour workweek, Defendant violated 29 U.S.C. § 207(a).

13  **ANSWER:  Defendant Rocket Mortgage denies the allegations contained in this**

14  **paragraph of Plaintiffs' Complaint.**

15  101.   Plaintiffs and the Collective Members are therefore entitled to

16  compensation of one-and-one-half times their regular rates of pay for all hours worked,

17  to be proven at trial, plus an additional equal amount as liquidated damages, together

18  with interest, reasonable attorney's fees, and costs.

19  **ANSWER:  Defendant Rocket Mortgage denies the allegations contained in this**

20  **paragraph of Plaintiffs' Complaint.**

21  **GENERAL DENIAL**

22  Except as expressly admitted herein, Defendant expressly denies any allegations

23  in Plaintiffs' Complaint that require a responsive pleading.

24  **AFFIRMATIVE AND OTHER DEFENSES**

25  Defendant submits the following as its Affirmative and Other Defenses to the

26  allegations contained in Plaintiffs' Complaint, but does not assume the burden of proof

27  on any such defenses, except as required by applicable law with respect to the defense

28  asserted:

1.     This Court lacks personal jurisdiction over some or all Plaintiffs claims and those of the putative class members for the reason set forth in Defendants Motion to Dismiss Plaintiffs' Amended Complaint under Rule 12(b)(2) of the Federal Rules of Civil Procedure or to Transfer filed contemporaneously with these Affirmative Defenses, ECF No 30, and incorporated hereto by reference as if fully set forth herein.

2.     Plaintiffs fail to state a claim upon which relief can be granted as Plaintiffs' non-conclusory allegations fail to plead a violation of law or the failure to properly pay overtime.

3.     Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitation, including but not limited to the statute of limitations contained in 29 U.S.C. § 255. Because any violations of the Fair Labor Standards Act ("FLSA") were not willful, ratified by Defendant, or in reckless disregard of the requirements of the FLSA, any claims must be measured against a two-year statute of limitations.

4.     This Court lacks jurisdiction, both original and supplemental, over any member of the putative class who does not expressly "opt in" to the collective action in accordance with 29 U.S.C. § 216(b).

5.     Plaintiffs' claims are barred in whole or in part because any of Defendant's actions and practices were taken in compliance with and/or as required by the laws of the United States which regulated Defendant and were taken in good faith and with reasonable grounds for believing that any alleged acts or omissions were not in violation of the law.

6.     Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to exhaust applicable statutory, administrative and/or contractual procedures and/or remedies, or otherwise failed to properly perfect a right of action against Defendant.

7.     Plaintiffs' claims are barred in whole or in part because such claims have been released, waived, discharged and/or abandoned.

8.     Some or all of Plaintiffs' claims may barred by 29 U.S.C. §207(i) of the Fair Labor Standards Act.

9.      Some or all of Plaintiffs' claims may be barred by the doctrine of unclean hands and/or because of Plaintiffs' own conduct and actions.

10.     Plaintiffs' claims are barred in whole or in part by the doctrines of accord and satisfaction, and/or payment.

11.     Plaintiffs' claims are barred in whole or in part by the equitable doctrines of waiver, estoppel, and/or unclean hands.

12.     Plaintiffs' claims are barred in whole or in part because they have not sustained any damages or, if any were sustained, those damages are "*de minimis*" and therefore not actionable.

13.     To the extent Plaintiff or any putative class or collective member engaged in allegedly compensable activities without the actual or constructive knowledge of Defendant, Plaintiff and or any putative class or collective member are not entitled to compensation for any such overtime hours worked.

14.     Even if Defendant had, in fact, failed to pay Plaintiffs for any activities alleged to be worked (which it has not), such activities were preliminary or postliminary to principal activities or do not constitute compensable work under the FLSA, and, furthermore, such activities were not an integral and indispensable part of the principal activities of employment and are not compensable.

15.     To the extent that discovery reveals that Plaintiff or any putative class or collective member falsely reported alleged hours of work and there is no evidence that Defendant required the false reporting of such hours; or there is no evidence that Defendant encouraged Plaintiffs to falsely report their hours of work; or that there is no evidence that Defendant knew or should have known that Plaintiffs were providing false information as to their hours of work, Defendant hereby invokes the doctrines of estoppel and avoidable consequences to bar the claims asserted by the Plaintiffs.

16.     Some or all of the time Plaintiff or any putative class or collective member spent performing uncompensated work, if any, does not count as hours worked or compensable time to the extent that (a) any activities performed were not suffered or

permitted; (b) the time was commuting, travelling, walking, or waiting time that is excluded from hours worked; (c) the time was preliminary or postliminary time that is excluded from hours worked; (d) the time is *de minimis* time that is excluded from hours worked; (e) the time is otherwise excluded from hours worked under the Portal-to-Portal Act and related provisions; (f) the time is non-compensable under relevant custom and practice; and/or (g) the alleged work or activities did not occur or were not actually conducted.

17.     Plaintiffs' claims that they and any putative collective members are entitled to be paid for any unpaid time during their bona fide meal periods under the FLSA are precluded by the "predominant benefit" test. Because the employees are the predominant beneficiaries of the meal periods, even if employees perform some compensable work during an otherwise bona fide meal period, the entire break remains non-compensable.

18.     The claims of Plaintiff and/or members of the putative class or collective are barred, in whole or in part, by Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260.

19.     Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA, including but not limited to for amounts overpaid to Plaintiff or any putative collective member, including buy not limited to those which fall within 29 U.S.C. §207(e)(5-7) as set forth in 29 U.S.C. §207(h)(2).

20.     Plaintiffs' claims are barred to the extent that overtime has been calculated and/or paid in the manner and under the methods provided for under Section 7 and 13 of the FLSA as amended and/or under Sections 2 and 4 of the Portal-to-Portal Act of 1947, being 29 U.S.C. §§252, 254.

21.     Plaintiffs' claims and those of the putative collective are barred during any period in which any Plaintiff or putative class member worked as an exempt employee

within the meaning of 29 U.S.C § 213(a), commonly known as the White-Collar Exemptions or any other exemption contained with Section 213 of the FLSA.

22. Plaintiffs' claims and those of the putative collective are barred to the extent that overtime has been calculated and/or paid in the manner and under the methods provided for under Section 7 and 13 of the FLSA as amended and/or under Sections 2 and 4 of the Portal-to-Portal Act of 1947, being 29 U.S.C. §§252, 254.

23. Plaintiffs' claims and those of the putative class are barred to the extent that overtime was paid to them in accordance with 29 U.S.C. §207(a)(1), including compensation for overtime consistent with 29 C.F.R §§ 778.113; 778.114; 778.118-120; and/or 778.209 or in any other manner consistent with the FLSA, including those described in *Overnight Motor Co. v. Missel*, 316 U.S. 572 (1942).

24. Plaintiffs' claims are barred in whole or in part because Defendant fulfilled all obligations it may have had to Plaintiffs, and Defendant owes no further obligations to Plaintiffs.

25. Plaintiffs' proposed collective definitions is vague and overbroad and include non-similarly situated putative collective members. Moreover, the definition constitutes an unlawful "fail-safe" collective.

26. Plaintiffs' claims are barred in whole or in part to the extent Defendant made complete and timely payments of all wages due to Plaintiff and the putative class and collective members as required by law.

27. This case may not be maintained as a collective action because Plaintiffs are not similarly situated within the meaning of the FLSA to any other individual they purport to represent.

28. This case is not appropriate for collective treatment because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiffs respectively and to the putative collective action members and it cannot be demonstrated that a collective is superior to other methods available for adjudicating any controversy.

29. To the extent any members of the putative collective have signed a release and/or waiver encompassing claims alleged in the Complaint or a contractual waiver or agreement contrary to their claims herein, their claims are barred by that release, waiver or agreement.

30. Plaintiffs' claims are barred in whole or in part because they have not appropriately or adequately mitigated their alleged damages or otherwise avoided harm.

31. Because liability and/or damages, if any, to Plaintiffs and each member of the putative collective they purport to represent may not be determined by a single jury and/or on a group-wide basis, allowing this action to proceed as a collective action would violate Defendant's due process rights under, without limitation, the Seventh and Fourteenth Amendments to the United States Constitution.

32. Plaintiffs' claims are barred to the extent they seek injunctive, declaratory, and/or other equitable relief, in light of the fact that Plaintiffs have adequate remedies at law and have suffered no irreparable harm due to any alleged conduct of Defendant.

33. Plaintiffs' attempt to pursue their claims as a collective action violates Defendant's constitutional rights to due process because Defendant has a due process right to raise every defense applicable to Plaintiffs, opt-in plaintiffs, and putative class members at every stage of this action.

34. Plaintiffs' claims for overtime under the FLSA are barred as a matter of law during any workweeks in which Plaintiff or any other putative class or collective member did not work more than 40 hours per week.

35. Defendant reserves the right to amend its Answer to add additional or other defenses as they may become known through discovery.

## RELIANCE UPON JURY DEMAND

Defendant, by and through its counsel, hereby relies upon Plaintiffs' jury demand and demands for itself a trial by jury on those claims that may be tried by a jury. Defendant objects to a jury trial on any claims that are not entitled to a jury trial.

## **RELIEF REQUESTED**

Wherefore, Defendant requests that this Court deny Plaintiff the relief requested; dismiss the Complaint in its entirety with prejudice; and award Defendant its costs and attorneys' fees incurred in defending against this action, plus any other relief, legal or equitable, this Court deems appropriate.

DATED March 3, 2023

JACKSON LEWIS P.C.

By: /s/ *J. Greg Coulter*
    J. Greg Coulter
    Allan S. Rubin
    Attorneys for Defendant
    Rocket Mortgage, LLC

26

1

**CERTIFICATE OF SERVICE**

2    I hereby certify that on March 3, 2023, I electronically transmitted the attached

3 document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4 Notice of Electronic Filing to the following CM/ECF registrants:

5

6 James Weiler, AZ Bar No. 034371
**WEILER LAW PLLC**

7 5050 N. 40th St., Suite 260
Phoenix, AZ 85018

8 jweiler@weilerlaw.com
Attorneys for Plaintiffs

9

10 By: /s/ *Amalia Tafoya*

11 4859-1258-6580, v. 2

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28