J. Greg Coulter (State Bar No. 016890)
Allan S. Rubin (Pro Hac Vice)
**JACKSON LEWIS P.C.**
2111 East Highland Avenue, Suite B-250
Phoenix, AZ  85016
Telephone: (602) 714-7044
Facsimile: (602) 714-7045
Greg.Coulter@jacksonlewis.com
Allan.Rubin@jacksonlewis.com

John Doran (State Bar No. 012112)
Craig Morgan (State Bar No. 023373)
**SHERMAN & HOWARD LLC**
2555 E. Camelback Road, Suite 1050
Phoenix, AZ 85016
Telephone: (602) 240-3000
jdoran@shermanhoward.com
cmorgan@shermanhoward.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Rachael Gilburd,** an Arizona Resident; **Andrew Gebhart,** an Arizona Resident**; Daniel Featherstone**, an Arizona Resident; **Derek Martin**, an Arizona Resident; **Angela McGuire**, an Arizona Resident; **Kori Morin**, an Arizona Resident, **Katherine Redas**, an Arizona Resident, **Erin Salava**, an Arizona Resident; **David Vallejo**, a Michigan Resident; and **Nick Vincent**, an Arizona Resident, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> *v.* <br><br> **Rocket Mortgage, LLC,** a Michigan limited liability company, <br><br> Defendant. | Case No:  2:23-cv-00010-DLR <br><br><br> **DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

## I.   INTRODUCTION

Rocket Mortgage, LLC ("Rocket Mortgage") moves under Fed. R. Civ. P. 12(c) for judgment on the pleadings. Rocket Mortgage moves under Rule 12(c) because accepting the allegations in Plaintiffs' First Amended Complaint (ECF 26) as true, Plaintiffs have failed to state a violation of Section 207 of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA") for the failure to pay overtime. Rocket Mortgage is also entitled to judgment as a matter of law on Plaintiffs' claim of willfulness under Section 255(a) of the FLSA.

First, Plaintiffs fail to plead a plausible violation of the FLSA's overtime provisions. Plaintiffs' claim centers on Rocket Mortgage's alleged failure to properly calculate the regular rate of pay. But Plaintiffs admit they were paid a "salary," "salary adjustments," and both "overtime" and overtime on "salary adjustments" during each pay period. Plaintiffs also admit they were paid incentive pay and bonuses monthly, along with retroactive overtime. Plaintiffs offer no allegations about how this violated Section 207.

Second, Plaintiffs allege Rocket Mortgage acted willfully. But as with their claim that Rocket Mortgage failed to properly calculate overtime, their claim rests on conclusory allegations, unadorned of factual allegations supporting a claim of willful misconduct. That is insufficient. Thus, Rocket Mortgage is entitled to judgment as a matter of law.

## II.   FACTUAL BACKGROUND

Rocket Mortgage is a mortgage company (ECF No. 26, ¶25). Plaintiffs claim to be mortgage bankers formerly employed by Rocket Mortgage. *Id.* ¶¶1, 28-38. On January 4, Plaintiffs filed suit, alleging that they were not properly paid overtime under Section 207 of the "FLSA." (ECF No. 1). Later, the parties stipulated to the filing of an Amended Complaint.

1   According to the Amended Complaint, Plaintiffs were compensated for their

2   work at Rocket Mortgage in several ways. ECF 26, ¶38. First, they were paid a "salary."

3   *Id.* ¶39. Second, they were paid an additional amount called "Salary Adjust." *Id.,* ¶50.

4   Third, they were paid "Salary Adjust OT" and "Overtime." *Id.,* ¶54. Fourth, each month,

5   they were paid incentive compensation, which consisted of a monthly sales incentive

6   and contests and awards earned. *Id.,* ¶¶40-41, 43. Finally, once a month, Plaintiff were

7   paid "Retro Overtime." *Id.* ¶59. Although some Plaintiffs had been employed by Rocket

8   Mortgage for nearly 10 years, (*Id.*¶¶ 28-37), Plaintiffs claim they lacked a "clear and

9   mutual understanding" of the items listed on their paystub. And they offer no factual

10  allegations about their salary, "overtime," "salary adjust," "salary adjust OT," or "Retro

11  OT" or how these items were calculated. Nor do they plead plausible allegations that

12  they were improperly calculated. *Id.,* ¶¶46, 49, 59. For instance, while Plaintiffs

13  generally allege their "Salary" was insufficient to compensate Plaintiffs at a rate not less

14  the applicable minimum wage rate for every hour worked in workweeks where they

15  worked the greatest number of hours (*Id.* ¶ 47), they do not allege the amount of their

16  salary or the number of hours worked or that they were ever paid less than minimum

17  wage in any particular workweek.[1]

18      Plaintiffs also claim that when they worked over 40 hours in a week, they were

19  paid additional amounts referred to on their paystubs as "Salary Adjust," "Salary Adjust

20  OT" and "Overtime" *Id.,* ¶49. While Plaintiffs allege they lack a clear understanding of

21  these items or how they were calculated, they admit they were paid minimum wage, (*id.*

22  ¶¶49, 50), but simply conclude that their "salary" varied from week-to-week because of

23  these other payments. *Id.* ¶51. Yet they do not allege how this purportedly violated the

24  FLSA.

25      As it relates to incentive pay, Plaintiffs allege that they were also paid

26  commissions, monthly incentive pay, contest pay, and awards and gifts each month. *Id.*

27

28  [1] Minimum wage is $7.25 per hour. 29 U.S.C. §206(1)(C).

1   ¶56. While Plaintiffs allege that method of calculating commissions and incentive pay

2   often changed, the payment was "always" based on the number of loans Plaintiffs had

3   "approved or closed" in an undefined period. *Id,* ¶57. Plaintiffs were also paid "Retro

4   OT" on their incentive payments. According to Plaintiffs, despite lacking a clear

5   understanding of the method of calculating "Retro OT", they claim that Rocket

6   Mortgage erred by not attributing Retro OT to a particular work week and paying

7   overtime at one and one-half their regular rate. *Id.* ¶¶59-60. Thus, Plaintiffs—in a

8   conclusory manner—allege Rocket Mortgage improperly calculated Plaintiffs' regular

9   rate of pay and failed to properly incorporate commissions, awards, and other

10  compensation into their regular rate of pay. *Id.* ¶¶69-70.[2]

11      At first blush, it may appear that Plaintiffs have pled a claim. But when the

12  conclusory allegations are stripped away from the Amended Complaint, it lacks any

13  actual factual content that would allow the court to draw the reasonable inference that

14  Rocket Mortgage is liable for any alleged violation. Absent are allegations of (a) the

15  employee's salary; (b) the number of hours the salary was intended to compensate; (c)

16  how, when, or for what Plaintiffs received payments called "Salary Adjust"; (d) how

17  incentive compensation was earned, calculated, attributed, or paid; (e) what "Salary

18  Adjust OT", "overtime" and "Retro OT" were, how they were calculated or the amounts

19  they received; or (f) the time worked by any Plaintiff in a pay period and the overtime

20  Plaintiffs allege should have been, but was not, paid. In other words, the Amended

21  Complaint fails to state a plausible claim.

22

23

---

24  [2] Plaintiffs claim they responded to emails and took calls on weeknights or evenings. *Id.,*
    ¶¶67-68. Yet they do not allege the frequency these actions occurred, the time spent on
25  these activities, or any workweek that this resulted in Plaintiffs not being paid all
26  overtime hours worked. *Landers v. Quality Commc'ns, Inc.,* 771 F.3d 638, 645 (9th Cir.
    2015) (plaintiff must allege that he or she "worked more than forty hours in a given
27  workweek without being compensated for the overtime hours worked during that
28  workweek.")

1   As to willfulness, Plaintiffs allegations are set forth in two conclusory paragraphs.

2   The first is Paragraph 57. In it, Plaintiffs allege "Defendant's failure and/or refusal to

3   compensate Plaintiffs at the rates and amounts required by the FLSA was willful." The

4   Second is Paragraph 99. In this paragraph, Plaintiffs allege "Defendant knew that – or

5   acted with reckless disregard as to whether – their refusal or failure to properly

6   compensate Plaintiffs and the Collective Members over the course of their employment

7   would violate federal law, and Defendant was aware of the FLSA overtime requirements

8   during Plaintiffs' and the Collective Members' employment." (ECF No. 26, ¶¶ 57, 99.).

9   Again, other than these two conclusory paragraphs devoid of any facts, there are no

10   other paragraphs that contain any facts for this Court to draw the reasonable inference

11   that Rocket Mortgage violated the FLSA in a willful manner.

12   For the reasons below, Rocket Mortgage's Motion should be granted.

### III.   ARGUMENT

**THE COURT SHOULD DISMISS PLAINTIFFS' COMPLAINT UNDER FED. R. CIV. P. 12(c)**

#### A.   *Standard of Review*

17   A motion for judgment on the pleadings under Federal Rule of Civil Procedure

18   12(c) is "properly granted when, taking all allegations in the pleading as true, the

19   moving party is entitled to judgment as a matter of law." *Merchants Home Delivery

20   Serv., Inc. v. Frank B. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir. 1995); *Fajardo

21   v. Cty. Of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999). The moving party must "clearly

22   establish[ ] on the face of the pleadings that no material issue of fact remains to be

23   resolved." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550

24   (9th Cir. 1989). A motion for judgment on the pleadings is "functionally identical" to a

25   Rule 12(b)(6) motion, and so the same standard of review is used in both. *Cafasso ex

26   rel. v. General Dynamics C4 Systems, Inc.*, 637, F.3d 1047, 1054 n. 4 (9th Cir. 2011)

27   (quoting *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). The

28   court generally may not consider matters outside the pleadings without converting the

1  motion into a motion for summary judgment. Fed. R. Civ. P. 12(d). But the court may

2  "consider documents on which the complaint necessar[ily] relies." *Rosa v. Cutter*

3  *Pontiac Buick GMC of Waipahu, Inc.*, 120 Fed. Appx. 76, 77 (9th Cir. 2005) (finding

4  that a sales contract and its addendum were documents on which the complaint

5  necessarily relied).

6       Because a motion for judgment on the pleadings is "functionally identical" to a

7  Rule 12(b)(6) motion, the well-pled factual allegations are taken as true and construed in

8  the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063,

9  1067 (9th Cir. 2009). But legal conclusions couched as factual allegations are not

10 entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and are

11 thus insufficient to defeat a motion to dismiss for failure to state a claim or a motion for

12 judgment on the pleadings. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

13 To avoid judgment, Plaintiffs must allege "enough facts to state a claim to relief that is

14 plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim

15 has facial plausibility when the plaintiff pleads factual content that allows the court to

16 draw the reasonable inference that the defendant is liable for the misconduct

17 alleged." *Perkins v. Emp'rs Mut. Cas. Co.*, 507 F. Supp. 3d 1172, 1177 (D. Ariz. 2020)

18 (quoting *Iqbal*, 556 U.S. at 678). The court may also dismiss the Complaint because of a

19 lack of a cognizable legal theory. *Id.* (citing *Mollett v. Netflix, Inc.*, 795 F.3d 1062,

20 1065 (9th Cir. 2015)) (internal quotation marks omitted). In an FLSA case, an employee

21 must allege they "performed work for which [they were] not properly compensated."

22 *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *overruled on other*

23 *grounds by Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 31 (2014).

24       **B.     *Plaintiffs Fail to Plead a Plausible Overtime Claim***

25       Plaintiffs have failed to state a plausible claim because they plead legal

26 conclusions couched as factual allegations—*e.g.*, Plaintiffs were not "properly paid"

27 overtime.

28

1      The FLSA was enacted to protect employees from working excessive hours for

2  substandard pay. *Mauia v. Petrochem Insulation, Inc.*, 5 F.4th 1068, 1073 (9th Cir.

3  2021) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–707 (1945)). To achieve

4  this goal, the FLSA sets a minimum hourly wage, and mandates overtime pay for

5  employees working more than 40 hours per week. *Id.* at 707 (citing 29 U.S.C.

6  §§206(a)(1)(C), 207(a)(1)). Thus, the "FLSA creates a statutory floor for overtime

7  pay. *See* 29 U.S.C. § 207. If an employee's actual pay exceeds what the FLSA would

8  require, an employer has no additional FLSA liability. *Wallace v. City of San Jose*, 799

9  F. App'x 477, 479 (9th Cir. 2020). Here, Plaintiffs' sole claim is based the alleged failure

10 to pay overtime. ECF 26, ¶¶ 94-101.

11      For an FLSA plaintiff to survive a motion to dismiss alleging a failure to pay

12 overtime, the plaintiff must allege that he or she "worked more than forty hours in a

13 given workweek without being compensated for the overtime hours worked during that

14 workweek." *Landers*, 771 F.3d at 645; *Salazar v. Driver Provider Phx. LLC*, No. CV-

15 19-05760-PHX-SMB, 2020 U.S. Dist. LEXIS 176787, at *13 (D. Ariz. Sep. 24,

16 2020) ("to sufficiently allege a plausible claim for relief under the FLSA, the Plaintiffs

17 must, at a minimum, allege at least one workweek when [they] worked in excess of forty

18 hours and [were] not paid for the excess hours in that workweek, or [were] not paid

19 minimum wages.") (internal quotations and citation omitted); *O'Conner v. Soul Surg.*

20 *LLC*, No. CV-22-00156-PHX-JJT, 2022 U.S. Dist. Lexis 159194, at *7 (D. Ariz. Sept. 2,

21 2022) (plaintiffs failed to allege sufficient facts plausibly showing that they worked

22 overtime and were not lawfully compensated). Although "mathematical precision" is not

23 required, *Landers*, 771 F.3d at 646, "at a minimum the plaintiff must allege at least one

24 workweek when he worked in excess of forty hours and was not paid for the excess

25 hours in that workweek or was not paid minimum wages." *Id.* Indeed, the more facts

26 alleged regarding the number of hours worked, the length of an average workweek, and

27 an estimated amount of overtime owed, "the closer the complaint moves toward

28

1    plausibility." *Id*. at 645. That "Plaintiffs . . . are seeking class certification does not

2    excuse them from alleging the named Plaintiffs' claims with sufficient factual detail."

3    *Salazar,* 2020 U.S. Dist. LEXIS 176787, at *13.

4         Despite these requirements, Plaintiffs fail to allege even a single workweek they

5    worked more than 40 hours but were not paid overtime. This is because they cannot

6    make this showing. Instead, Plaintiffs claim they were paid overtime in at least three

7    ways – through the payment of "overtime," "Salary Adjust OT", and "Retro OT."

8    Specifically, Plaintiffs allege:

9        ➢    Plaintiffs were also paid "Salary Adjust, "<u>Salary Adjust OT</u>," and
             "<u>Overtime</u>." (ECF 26, ¶ 48) (emphasis added); and

10

11       ➢    Monthly, Plaintiffs were paid "<u>Retro Overtime</u>." (*Id.,*¶58)(emphasis
             added).

12        Under 29 U.S.C. 207(a)(1), when a non-exempt employee works more than 40

13    hours in workweek, they must be compensated at a "rate not less than one and one-half

14    times the *regular rate* at which he is employed." (Emphasis added). Because the FLSA

15    does not require that employees be compensated based on an hourly rate of pay,

16    employees may be paid by the hour, by piece rate or day-rate, through a salary, by

17    commission, or some other basis. 29 C.F.R §778.109. But no matter how an employee is

18    compensated, overtime pay must be based on an employee's regular rate of pay. *Id.*

19        The term "regular rate" includes "all remuneration for employment paid to, or on

20    behalf of the employee" unless excluded or subject to credit against the payment of

21    overtime. 29 U.S.C. §207(e)(h). The FLSA defines "regular rate" as the total weekly pay

22    divided by the weekly hours. 29 U.S.C. § 207(e); 29 C.F.R. § 778.109; *see also* 29

23    U.S.C. § 207(a)(1). All non-exempt employees are entitled to overtime pay calculated in

24    this way, whether the employer pays them on an hourly basis or not. *Acosta v. Min &*

25    *Kim, Inc.*, 919 F.3d 361, 363 (6th Cir. 2019); *see also*, *Wallace*, 799 F. App'x at 480

26    ("The regular hourly rate of pay of an employee is determined by dividing his total

27    remuneration for employment (except statutory exclusions) in any workweek by the total

28

1    number of hours actually worked by him in that workweek for which such compensation

2    was paid.")

3            When an employee is paid by weekly salary, the regular rate of pay is computed

4    by dividing the salary by the number of hours the salary is intended to compensate. *Id.,*

5    §778.113(a). Without explicit proof of a mutually agreed upon hourly rate of pay, the

6    regular rate of pay for a salaried employee, such as Plaintiffs, is obtained by dividing the

7    employee's weekly wage by the number of hours worked by an employee in a

8    workweek. *Bao Yi Yang v. Shanghai Gourmet, LLC*, 471 F. App'x. 784, 786 (9th Cir.

9    2012) ("Absent explicit proof of a mutually agreed upon rate of hourly pay, the regular

10   rate actually paid to a salaried employee is obtained by dividing the employee's weekly

11   wage by the number of hours worked each week.") (citing *Brennan v. Valley Towing*

12   *Co.,* 515 F.2d 100, 105-06 (9th Cir. 1975)); *see also Marshall v. Chala Enters., Inc.,* 645

13   F.2d 799, 801 (9th Cir. 1981); 29 C.F.R.§778.113(a). But where an employee is paid a

14   fixed salary for hours that vary from week-to-week, the Fluctuating Work Week

15   ("FWW")  method is proper when the parties have a clear and mutual understanding that

16   the fixed salary is compensation for the total hours worked each work week, and the

17   proper method of calculating overtime is the half-time method. 29 C.F.R. § 778.114.[3]

18

19

20   [3] Although § 778.114 dates to 1968, the WHD has consistently taken the position that

21   when an employer and its employee have agreed that the employee will be paid a fixed

     salary for work hours that fluctuate from week-to-week, the regular rate of pay should be

22   determined by dividing the fixed wage by the hours worked in a particular week, and the

23   employee will be owed a premium of 50 percent of that rate for any overtime

     hours. *See* Interpretative Bulletin No. 4 PP 10, 12 (Oct. 21, 1938, as revised November

24   1940), 1941 Wage & Hour Man. (BNA) 127, 128-29. The Supreme Court noted as much

     in *Overnight Motor Co. v. Missel*, 316 U.S. 572, 580 n.17 (1942), adding "[w]hile the

25   interpretative bulletins are not issued as regulations under statutory authority, they do

26   carry persuasiveness as an expression of the view of those experienced in the

     administration of the Act and acting with the advice of a staff specializing in its

27   interpretation and application." *See also, Walling v. A.H. Belo Corp.*, 316 U.S. 624, 631,

28   n.7 (1942).

1    Plaintiffs imply they were paid using the FWW method of calculating overtime

2    (ECF 26, ¶¶45-46). But they expressly disclaim any agreement as to the time the salary

3    is intended to compensate them (*id.,* ¶46). Yet no matter if they were compensated using

4    the FWW method or the traditional method of computing the regular rate for a salaried

5    employee, they do not plead facts that show Rocket Mortgage compensated them at a

6    rate less than one and one-half their regular rate of pay.

7    Without an express mutual agreement as to an employee's hourly rate of pay, a

8    salaried employee's regular hourly rate is computed using the same methodology:

9    Salary/Hours worked. Thus, if an employee works 50 hours in work week and is paid a

10   salary of $500, the employees' regular rate of pay is $10.00. Yet whether one calculates

11   overtime by dividing salary by the hours worked or under the FWW, both employees are

12   paid the same for work performed during the workweek – $550. The only difference is

13   the calculation method used to arrive at the total compensation.

14   Under the traditional method of computing overtime for a salaried employee, the

15   employee's regular rate is determined by dividing an employee's salary by the total

16   hours worked (salary/hours worked = regular rate). To calculate an employee's overtime

17   premium, the regular rate is divided in half. In the above scenario, the employee's

18   regular rate is $10.00 per hour and the employee would have earned $400 for the first 40

19   hours worked ($10*40) and would have been paid $150 for the overtime hours worked

20   ($10*1.5=$15; $15*10=$150) for total compensation of $550.00 ($400+150=$550).

21   Under the FWW method, an employee is paid their weekly salary plus half time for

22   hours over 40 in the workweek. The result is the same as calculated under the traditional

23   method but calculated as follows: ($500 weekly salary/50 hours worked per week=$10

24   per hour; $10/2=$5 which is the additional overtime premium owed; $5*10 =$50; $500

25   (salary) + $50 (overtime) =$550). Plaintiffs plead no factual allegations that permit the

26   Court to infer that Rocket Mortgage's calculation of the regular rate of pay or the

27   subsequent payment of "overtime" was erroneous.

28

1    Plaintiffs also allege they received additional compensation in the form of salary

2    adjustments (ECF 26, ¶50-53), but they do not allege the amount of these adjustments,

3    what they were for, or the impact they had on their regular rate of pay. Instead, they

4    simply allege they were paid an additional amount at or above the "hourly rate" for non-

5    overtime hours. (*Id.* ¶¶ 50-53). Yet Plaintiffs plead no factual allegations to plausibly

6    suggest that Rocket Mortgage failed to include the salary adjustment in the calculation

7    of the employees' regular rate of pay. Instead, they merely plead that the amount of the

8    salary adjustment was at or below the employees "hourly rate for non-overtime"

9    employees, a matter irrelevant to the calculation of the regular rate of pay. *Id.* ¶50-53.

10   And Plaintiffs do not allege that this resulted in any Plaintiff not being paid overtime for

11   all hours worked. In fact, just the opposite, they allege they were paid additional

12   overtime called "Salary Adjust OT." *Id.* ¶48. Thus, the Court cannot plausibly conclude

13   Rocket Mortgages payment of overtime on items identified as "salary adjust" was

14   improperly calculated.

15       Next, Plaintiffs do not allege they were not paid overtime at the correct rate

16   during the entire statutory period. Instead, Plaintiffs allege: "In 2020 and 2021, and 2022

17   for non-Arizona residents, the amount paid for 'Salary Adjust OT' and 'overtime', plus

18   the amount for 'salary adjust' resulted in Plaintiffs receiving less than one and a half

19   times their regular rate of pay in each workweek on their regular paychecks." (*Id.*, ¶55).

20   But all but one named Plaintiff is an Arizona resident. *Id.* ¶10. Assuming Plaintiffs

21   intended to plead they were not paid overtime at the correct rate, they appear to concede

22   they were properly paid overtime in 2022. And two items listed by Plaintiffs facially

23   appear to be overtime payments: "overtime" and "Salary Adjust OT." But these items

24   would not be included in the employee's calculation of the regular rate. 29 U.S.C.

25

26

27

28

11

1    207(e)(5); *id,* §207(h). Instead, they are premium payments, excluded from the

2    calculation of the regular rate of pay and creditable as overtime. *Id* §207(h)(2) [4]

3         Plaintiffs admit they were paid their salary, overtime, salary adjustments, and

4    overtime on salary adjustments each pay period. While they allege these amounts may

5    have resulted in Plaintiffs receiving less than one and one-half their regular rate of pay in

6    some workweeks (ECF 26, ¶55), they do not plead a single instance plausibly alleging

7    that their overtime rate was improperly calculated. Instead, the Amended Complaint

8    consists of "[t]hreadbare recitals of the elements of a cause of action, supported by mere

9    conclusory statements, [which] do not suffice." *Iqbal,* 556 U.S. at 678.

10        Next Plaintiffs allege that Rocket Mortgage failed to properly pay overtime on

11   commissions, monthly incentives, awards, and contest that were calculated based on the

12   number of loans Plaintiffs had approved or closed. ECF 26, ¶¶56, 57. While Plaintiffs

13   acknowledge that they were paid overtime on these amounts, called "Retro OT," and

14   admit they lacked a clear understanding of the method of calculation of "Retro OT,"

15   they allege that Rocket Mortgage erred because they claim that they were paid overtime

16   at a half time rate, not time and a half. *Id.*¶¶58-61.

17        While Plaintiffs claim their regular rate was not properly calculated because

18   Rocket Mortgage failed to "properly incorporate commissions, monthly incentive pay, or

19   other award compensation that was attributable to a given workweek" as part of the

20   regular rate each pay period," (*Id.* ¶60), Plaintiffs fail to explain—let alone plead facts—

21   to support this allegation. Rather, they merely conclude that Rocket Mortgage "failed to

22   pay Plaintiffs overtime at a rate of 1.5 times Plaintiffs regular rate of pay pursuant to the

23   FLSA." (*Id.,* ¶61.) Yet Plaintiffs do not describe the commissions, incentive pay, or

24   other compensation they received, the workweeks earned, or how payments were or

25

---

26   [4] Plaintiffs allege they "worked numerous hours of overtime that Defendant did not pay at
     the correct overtime rate or at all." (ECF 26, ¶96), Yet they do not plead any specific

27   facts with respect to any workweek that resulted in the employee being paid less than the

28   required overtime.

1   should have been allocated or calculated, all of which is required to state a viable claim

2   under the FLSA

3          Plaintiffs allege that unidentified incentives and bonuses were paid monthly (ECF

4   26, ¶ 55), and Rocket Mortgage's supposed error was in failing to incorporate incentives,

5   bonuses, and other compensation into the regular rate for "each pay period." *Id.*, ¶60.

6   But this conclusory allegation fails to state a claim upon which relief may be granted

7   because it is only when a commission or bonus (or other incentive pay) covers *one*

8   *weekly period* that it is included in the weekly calculation of the regular rate of pay. 29

9   C.F.R. §778.209(a).[5] Here, Plaintiffs do not allege that the commissions, bonuses, or

10  other incentive compensation were earned or paid weekly. Instead, they allege they were

11  paid monthly. *See* ECF 26, ¶55 ("Once a month, Plaintiffs were paid commissions,

12  monthly incentive pay, contest pay, and award gifts"). Simply put, Plaintiffs offer no

13  factual allegations that these payments were earned weekly.

14         Plaintiffs' allegations fail for several more reasons. First, it is only when a

15  commission is *paid* weekly, that "it is added to the employee's other earnings for that

16  workweek (except overtime premiums and other payments excluded as provided in

17  section 7(e) of the Act), and the total is divided by the total number of hours worked in

18  the workweek to obtain the employee's regular hourly rate for the workweek. The

19  employee must then be paid extra compensation at one-half of that rate for each hour

20  worked more than the applicable maximum hours standard. 29.C.F.R. §778.118. But

21  when the calculation and payment of a commission is not completed until after the

22  regular pay day for a workweek, "the employer may disregard the commission in

23  computing the regular hourly rate until the amount of commission can be ascertained.

24  Until that is done, the employer may pay compensation for overtime at a rate not less

25  than one and one-half times the hourly rate paid the employee, *exclusive* of the

26  ───────────────

27  [5] In this circumstance, overtime is paid on a workweek basis through additional
    compensation for each overtime hour worked at a rate equal to *one-half* of the hourly

28  rate of pay allocable to the bonus. 29 C.F.R. §778.209(a) (emphasis added).

commission." 29 C.F.R. §778.119 (emphasis added). If the payment can be apportioned back over workweeks earned, then the commission later must be added to earnings for the workweek, the regular rate recalculated, and the employee must be paid and *additional one-half of the increase* in the hourly rate of pay attributable to the commission for the week, multiplied by the overtime hours worked. 29 C.F.R. §778.120(a). But where it is not possible or practicable to allocate a commission among the workweeks, the employer may allocate the commission by each hour worked in the period covered by the commission. The amount of the commission is divided by the total hours worked in the period to determine the increase in the hourly rate attributable to the commission, and an *additional one-half* that amount is multiplied by the overtime hours worked in the period to determine the additional overtime due the employee. *Id.* §778.120(b).

Like commissions, when the calculation of a bonus is deferred over a period longer than a workweek, an employer may disregard the bonus in computing the regular rate and pay overtime compensation, exclusive of the bonus. 29 C.F.R. §778.209(a). Later, when the bonus can be ascertained, it must be apportioned back over the period it was earned and the employee must receive additional compensation for overtime *allocable to bonus* for any overtime hours worked. *Id.* But if a bonus cannot be attributed to a particular workweek, it may be allocated by some other reasonable and equitable method, such as through: (a) allocation in equal amounts to each workweek; or (b) allocation in equal amounts to each hour worked and any additional overtime caused by the allocation paid based on the increase in the employee's regular rate. *Id.* §778.209(b).[6]

This is what Plaintiffs allege Rocket Mortgage did: paid commissions and other incentive compensation monthly, along with retroactive overtime ("Retro OT") – a

---

[6] Here, overtime is also paid at one-half the hourly rate allocable to the bonus. 29 C.F.R. §778. 120(b); 29 C.F.R. §778.209(b).

practice consistent with FLSA regulations. (ECF No. 26, ¶¶58,61). Contrary to allegations of wrongdoing, Plaintiffs allege that Rocket Mortgage paid overtime by computing the regular rate and overtime, exclusive of the commission or bonus each workweek, and later—when the bonus or other incentive pay was ascertained—paid overtime on the amount *allocable to the commission or bonus* at the rate of one-half the regular rate attributable to the bonus or commission – a method consistent with the regulations interpreting the FLSA. 29 C.F.R. §778.120(b); 29 C.F.R. §778.209(a)-(b). But "when a complaint's factual allegations are 'not only compatible with, but indeed [are] more likely explained by,' lawful activity, the complaint must be dismissed." *Iqbal*, 556 U.S. at 680; s*ee also Fiori v. Peoria Police Dep't*, No. CV-19-03074-PHX-DJH 2020 U.S. Dist. Lexis 2650, at *7-8 (D Ariz. Jan. 8, 2020) (even when a complaint's allegations are consistent with unlawful conduct, a court may conclude they do not plausibly suggest the conduct because they are "not only compatible with, but indeed . . . more likely explained by, lawful . . . behavior."). Without factual allegations supporting a claim that this practice was unlawful, Plaintiffs do not plausibly allege that Rocket Mortgage improperly failed to include commissions, incentives, or bonuses in the calculation of the regular rate, let alone that any Plaintiff was unlawfully denied overtime in any workweek. Thus, Plaintiffs' Complaint is insufficient to establish a plausible claim and should be dismissed.

### C.  *Rocket Mortgage is Entitled to Judgment on the Question of Willfulness*.

Plaintiffs also allege that Rocket Mortgage acted willfully, thus, seeking to extend the relevant statute of limitation from two years to three years under 29 U.S.C. §255(a). Section §255(a) permits extension of the FLSA's standard two-year statute of limitations to a three-year period for willful conduct. *Alvarez v. IBP, Inc.*, 339 F.3d 894, 908 (9th Cir. 2003) (citation omitted). Plaintiffs' Complaint sets forth allegations of willfulness in two conclusory paragraphs devoid of any supporting facts: Paragraph 77, where Plaintiff alleges that "Defendant's failure and/or refusal to compensate Plaintiffs at the rates and

1    amounts required by the FLSA was willful," and Paragraph 99, where Plaintiffs' allege

2    "Defendant knew that – or acted with reckless disregard as to whether – their refusal or

3    failure to properly compensate Plaintiffs and the Collective Members over the course of

4    their employment would violate federal law, and Defendant was aware of the FLSA

5    overtime requirements during Plaintiffs' and the Collective Members' employment."

6    (ECF No. 26, ¶¶ 77, 99.)

7    　　　These paragraphs are insufficient to state a claim. "Rule 8 does not empower

8    respondent to plead the bare elements of his cause of action, affix the label 'general

9    allegation,' and expect his complaint to survive a motion to dismiss." *Iqbal*, 556 US at

10    687. To allege willfulness under §255(a), Plaintiffs must plead factual allegations

11    supporting a claim that an employer knowingly or recklessly disregards whether its

12    conduct was prohibited by FLSA. *Id.* at 909. An employer only acts willfully when the

13    employer attempts "to evade compliance, or to minimize the actions necessary to

14    achieve compliance" with the FLSA. *Ray v. L.A. Cnty. Dep't of Pub. Soc. Servs.*, 52

15    F.4th 843, 852 (9th Cir. 2022). Here, there are no factual allegations supporting

16    Plaintiffs' conclusory allegations of willfulness. And conclusory allegations of

17    willfulness, standing alone, are insufficient to state a claim. *Colsen v. Avnet*, 687 F.

18    Supp. 2d 914, 921-22 (D. Ariz. Jan. 27, 2010). Thus, because Plaintiffs fail to state a

19    claim for willfulness those allegations should be dismissed and if this case proceeds, it

20    should proceed under a two-year statute of limitations consistent with 29 U.S.C. §255(a).

21    　　　　　　　　　　**IV.    CONCLUSION**

22    　　　When stripped of its conclusory allegations, the face of the pleading demonstrates

23    that there are no material issues of fact to be resolved, and Rocket Mortgage is entitled

24    to judgment as a matter of law. Thus, judgment should be entered on the pleadings in

25    favor of Defendant Rocket Mortgage.

26

27

28

1

## LRCiv 12.1(c) CERTIFICATION

2      The undersigned counsel certifies that, prior to filing of this Motion, counsel for

3   Plaintiffs and Defendant discussed the deficiencies in the pleading. The parties were

4   unable to agree, and Plaintiffs declined to amend the complaint.

5                                          **JACKSON LEWIS P.C.**

6

7      DATED this April 24, 2023.      By: /s/ *J. Greg Coulter*

8                                              J. Greg Coulter
                                               Allan S. Rubin
9                                              Attorneys for Defendant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **CERTIFICATE OF SERVICE**

2         I hereby certify that on April 24, 2023, I electronically transmitted the attached

3    document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4    Notice of Electronic Filing to the following CM/ECF registrants:

5
     James Weiler, AZ Bar No. 034371
6    **WEILER LAW PLLC**
     5050 N. 40th St., Suite 260
7    Phoenix, AZ 85018
     jweiler@weilerlaw.com
8    Attorneys for Plaintiffs

9
     By: /s/ *Christina Garcia*
10

11
     4863-1538-9276, v. 6
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28