E

X

H

I

B

I

T


A


# EXHIBIT A

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

This Settlement Agreement and Release (the "Agreement") is entered into by and between Defendant, Rocket Mortgage, LLC (hereinafter, "Rocket Mortgage" or "Defendant") and all related companies, successors, subsidiaries, affiliates, joint ventures, owners, indirect and direct parents, partners, and their respective officers, directors, shareholders, members, owners, partners, investors, potential investors, insurers, administrators, plan administrators, trustees, attorneys, representatives, managers, employees, and agents (collectively the "Released Parties"), and Plaintiffs Rachael Gilburd, Andrew Gebhart, Daniel Featherstone, Derek Martin, Angela McGuire, Kori Morin, Katherine Redas, Erin Salava, David Vallejo, and Nick Vincent and all putative collective members (collectively "Plaintiffs"). Hereinafter, Plaintiffs and Rocket Mortgage are referred to collectively as the "Parties" or individually as a "Party."

WHEREAS, on January 4, 2023, Plaintiffs filed a lawsuit against Rocket Mortgage in the United States District Court for the District of Arizona, identified as *Gilburd et al. v. Rocket Mortgage LLC,* Case No. 2:23-cv-00010-DLR (the "Lawsuit"). The Lawsuit is assigned to the Honorable Douglass L. Rayes in the U.S. District Court for the District of Arizona (the "Court"). The Complaint was subsequently amended on February 10, 2023 (Dkt. 26).

WHEREAS, in the Lawsuit, Plaintiffs allege that Rocket Mortgage failed to properly calculate the regular rate of pay, pay proper overtime wages, and compensate Plaintiffs and putative collective members for all hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

WHEREAS since the Lawsuit was filed, the Rocket Mortgage has filed a Motion to Dismiss under Fed. R. Civ. P. 12(b) or to transfer (Dkt. 30) and a Motion for Judgment of the Pleadings (Dkt. 53). Plaintiffs filed a Motion to Conditionally Certify a Collective (Dkt. 38).

WHEREAS on December 7, 2023, the Court issued a ruling on all outstanding motions, denying the Rocket Mortgage's Motion to Dismiss or Transfer, denying Rocket Mortgage's Motion for Judgment of the Pleadings, and granting Plaintiffs Motion for Conditional Certification, certifying a collective defined as follows:

> All persons who work[ed] for Defendant Rocket Mortgage, LLC or its predecessor entities Quicken Loans, LLC and Quicken Loans, Inc.; who work[ed] over [forty] hours in any given workweek as a past or present mortgage banker or similar title, or who performed the job duties of working with borrowers through loan processing.

The members of the collective, including those persons who have already opted into the case are hereinafter referred to as the "Putative Collective Member."

WHEREAS, Rocket Mortgage expressly denies and continues to deny the allegations contained in Plaintiffs' Lawsuit or that it violated any federal, state or local law, breached any duty, failed to pay any employees as required by law, or engaged in any other unlawful conduct with respect to any of its employees. Nevertheless, Rocket Mortgage desires to settle the Lawsuit finally on the terms and conditions set forth in this Agreement.

WHEREAS, pursuant to the Court's Order date December 21, 2023 (Dkt. 80) and the Parties' status reports dated January 11, 2023 (Dkt. 82), on April 18, 2024 the Parties attended mediation with experienced mediator, Hon. Wayne Anderson, United States District Court Judge (Ret.) and mutually and voluntarily agreed to a settlement of the Lawsuit as a collective action.

WHEREAS, the Parties have agreed to resolve the claims alleged in the Lawsuit by entering into this Agreement and by dismissing the Lawsuit with prejudice (as provided herein).

WHEREAS, the Parties were each represented by attorneys throughout the negotiations that culminated in the settlement and this Agreement, and said attorneys are experienced in handling collective actions arising under the FLSA.

WHEREAS, the Parties agree and acknowledge that this Agreement represents a fair and reasonable compromise of Plaintiffs' claims, which the Parties recognize would otherwise require extensive litigation to determine.

WHEREAS, the Parties agree that this Agreement is based upon the exchange of good and valuable consideration between them as set forth more fully herein, the adequacy or sufficiency of which is hereby acknowledged by all Parties.

NOW, THEREFORE, in sole consideration for the promises and covenants set forth herein, the Parties agree as follows:

A.    **Definitions**

1.    "Approval Order" means the final order entered by the Court approving this Agreement.

2.    "Attorney's Fees and Costs" means the amount paid to Plaintiffs' counsel as attorneys' fees and litigation expenses.

3.    "Effective Date" means the date upon which this Agreement is fully executed by all Parties.

4.     "Eligible Employee" means a Putative Collective Member who is identified as and who worked for Rocket Mortgage during the Relevant Period and who will receive an Individual Settlement Payment under this Agreement. Excluded Employees are not Eligible Employees.

5.     "Excluded Employees" means those persons who worked for Rocket Mortgage in the State of California, none of which will receive an Individual Settlement Payment, nor will they submit a release of claims. All Excluded Employees shall be dismissed without prejudice.

6.     "Gross Settlement Amount" means the total amount of monies Rocket Mortgagewill pay to the Named Plaintiff, the Eligible Employees, and Plaintiffs' counsel.

7.     "Individual Settlement Payment" means the payment to each Participating Plaintiff via a settlement check pursuant to the terms of this Agreement and the Approval Order.

8.     "Net Settlement Amount" means the total amount of monies available to calculate Individual Settlement Payment after subtracting Plaintiffs' Attorney's Fees and Costs from the Gross Settlement Amount.

9.     "Participating Plaintiff" means an Eligible Employee who cashes or otherwise negotiates his or her Individual Settlement Payment and releases his or her claims against Defendant and the Released Parties.

10.     "Relevant Period" means the period of time covered for purposes of calculating Individual Settlement Payments, which is January 1, 2020 to the date of execution of this Agreement.

11.     "Settlement Administrator" means the third-party entity retained by the Parties to perform the duties necessary to send the Settlement Notice and Individual Settlement Payments to

each Eligible Employee.

12.    "Settlement Notice" means the written notification that each Eligible Employee will receive which explains the settlement and their right to participate, a draft copy of which is attached as **Exhibit A**.

13.    "Settlement Notice Packet" means the mailing the Settlement Administrator will send to each Eligible Employee containing the Settlement Notice and an Individual Settlement Payment.

**B.**    <u>**Defendant's Payment Obligations**</u>

1.    <u>Gross Settlement Amount</u>.   In consideration for the dismissal with prejudice of the Lawsuit as well as the release of claims effected by this Agreement and other good and valuable consideration, Rocket Mortgage shall pay up to a maximum of Three Million Five Hundred Thousand Dollars and No Cents ($3,500,000.00) to settle the Lawsuit. Subject to the terms of this Agreement, the Gross Settlement Amount is inclusive of payment for: (a) all Eligible Employees, or their respective authorized legal representatives; (b) all Attorneys' Fees and Costs, including those in connection with securing Court approval of this Agreement, other than fees and costs awarded in connection with any successful proceeding to enforce the terms of this Agreement; (c) the Participating Plaintiffs' share of applicable federal, state and local taxes required to be withheld by Rocket Mortgage. The Gross Settlement Amount shall be the maximum amount that Rocket Mortgage or the Released Parties (as defined below) are required to pay to settle the Action and assumes 100% of the Eligible Employees cash or otherwise negotiate their checks and become Participating Plaintiffs.

2.      Settlement Administrator and Employer's Withholdings. Rocket Mortgage will also be responsible for the fees and costs incurred by the Settlement Administrator as well as be responsible for the employer's share of taxes for distributed to Participating Plaintiffs in addition to the Gross Settlement Amount.

**C.      Timing of Payments**

1.      Within 60 days after entry of the Approval Order, Rocket Mortgage shall pay the Gross Settlement Amount to the Settlement Administrator. However, in the event of an appeal of the Approval Order, this period shall be extended until 60 days after entry of a final order resolving the appeal. Within twenty-one days after receipt by the Settlement Administrator of the Gross Settlement Amount, the Settlement Administrator shall be authorized to pay the Attorneys' Fees and Costs to Plaintiffs' counsel, Weiler Law PLLC, via wire transfer or by check.

**D.      Settlement Administration**

1.      Selection of Settlement Administrator. The Settlement Administrator shall be a third-party settlement administrator selected by Rocket Mortgage in the exercise of its reasonable discretion.

2.      Settlement Administrator Responsibilities.   The Settlement Administrator shall be responsible for: (a) determining tax withholding amounts for the Eligible Employees, based on the Individual Settlement Payments; (b) preparing, printing, and disseminating the Settlement Notice Packet by U.S. First Class Mail (including the Settlement Notice and the Individual Settlement Payments) and paying Attorney Fees and Costs; (c) copying counsel for all Parties on material correspondence and promptly notifying the Parties counsel of any material requests or

communications made by any Eligible Employees who receive the Settlement Notice; (d) withholding and paying all payroll tax obligations of Participating Plaintiffs in accordance and notifying Rocket Mortgage t of the employer's share of payroll tax obligations in accordance with this Agreement; (e) issuing W-2 and 1099 Forms, as applicable, for all amounts paid to Participating Plaintiffs, Named Plaintiff, and Plaintiffs' counsel; (f) ascertaining current address and addressee information for each Settlement Notice Packet returned as undeliverable or for which it receives notice that a mailed Settlement Notice Packet was otherwise not delivered; (g) referring to Plaintiffs' counsel all inquiries by the Eligible Employees which the Settlement Administrator cannot resolve and/or which involve matters not within the Settlement Administrator's duties specified herein; (h) responding to inquiries of the Plaintiffs' and Defendant's counsel; (i) promptly apprising counsel for the Parties of the activities of the Settlement Administrator; (j) maintaining adequate records of its activities, including the date of the mailing of the Settlement Notice Packets and receipt of negotiated checks, returned mail, and other communications and attempted written or electronic communications with the Eligible Employees; (k) confirming in writing to Plaintiffs' and Defendant's counsel its completion of the administration of the settlement and retaining copies of all endorsed settlement checks; (l) completing a declaration identifying all Eligible Employees, including the Named Plaintiff(s), who cash a Settlement Check, and providing a copy of all endorsed and deposited Settlement Check(s) to the counsel of the Parties, who may file same with the Court; (m) timely responding to communications from the Parties or their counsel; (n) issuing unclaimed (retained) funds to Rocket Mortgage under the terms of this Agreement; and (o) such other tasks as the Parties mutually agree.

3.      <u>Reporting by Settlement Claims Administrator</u>. Throughout the administration period, the Settlement Administrator will provide reports to the Parties at least bi-weekly the status of the distribution of the Settlement Notice Packets to Eligible Employees, the receipt by the Settlement Administrator of endorsed settlement checks, and a report on any other aspect of the claims administration process.

**E.      <u>Creation and Implementation of a Qualified Settlement Fund</u>**

1.      <u>Establishing the Qualified Settlement Fund.</u>  Funds paid by Rocket Mortgage pursuant to this agreement shall be deposited in an account established by the Settlement Administrator (the "Qualified Settlement Fund"), which shall be a "qualified settlement fund" within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. Section 1.468B-1, <u>et</u> <u>seq</u>. The Qualified Settlement Fund shall be administered by the Settlement Administrator, subject to the ultimate authority of the Court.

2.      <u>Administering the Qualified Settlement Fund</u>.   The Settlement Administrator shall serve as Trustee of the Qualified Settlement Fund and shall act as a fiduciary with respect to the handling, management, and distribution of the Qualified Settlement Fund, including the handling of tax-related issues and payments. The Parties shall cooperate to ensure such treatment and shall not take a position in any filing or before any tax authority inconsistent with such treatment.

3.      <u>Tax Withholding and Reporting</u>.   The Settlement Administrator shall be responsible for withholding and timely remitting and reporting to the appropriate taxing authorities the employee's share of payroll taxes from the wage payments of each Participating Plaintiff. The Settlement Administrator shall also be responsible for calculating and timely notifying Rocket

Mortgage of the employer's share of payroll taxes or contributions (*i.e.* FICA, FUTA, SUTA, and Medicare) relating to the wage payments of each Named Plaintiff and Participating Plaintiff, which will be paid separately to the Settlement Administrator by Rocket Mortgage. Subject to the Settlement Administrator's obligation to comply with applicable laws, the Parties anticipate that any amounts designated as liquidated damages or interest shall not be subject to withholding and shall be reported to the IRS on Form 1099 by the Settlement Administrator.

4.   <u>Communication with Counsel.</u>   Both Plaintiff's Counsel and Defendant's counsel are authorized to communicate directly with the Settlement Administrator to expedite the settlement administration process.

**F.   <u>Allocation of the Gross Settlement Amount</u>**

1.   <u>Net Settlement Amount.</u>   Attorney's Fees and Costs shall be deducted from the Gross Settlement Amount to determine the amount of the Net Settlement Amount.

2.   <u>Allocation of Net Settlement Amount.</u>   All Eligible Employees shall be eligible for a portion of the Net Settlement Amount pursuant to a formula to determine their share of the settlement. First, the Net Settlement Amount shall be divided by the total number of workweeks within the Relevant Period ("Settlement Share"). The Settlement Share will then be multiplied by the total number of workweeks each putative collective member worked in the Relevant Period based on the records of Rocket Mortgage. This amount shall be the putative class members' Settlement Payment. However, no settlement payment shall be less than $25.00. For the purpose of informing Eligible Employees of their Individual Settlement Payment, the estimated respective

Individual Settlement Payment for each Eligible Employee shall be disclosed to each Eligible

Employee in the Settlement Notice Packet.

3.      Service Award.   No Plaintiff or collective member will be paid a service award

from either the Gross or Net Settlement Amount.

4.      Attorneys' Fees and Costs. Plaintiffs' Counsel shall receive up to 28.57% of the

Gross Settlement Amount – an amount of One-Million Dollars ($1,000,000) as the award for all

attorneys' fees and all reimbursable costs. Rocket Mortgage agrees not to object to an award of

attorney fees and costs up to this amount. Payment of attorneys' fees and costs to Plaintiffs'

counsel shall be made in accordance with this Agreement as approved by the Court and shall

constitute full satisfaction of all obligations by Rocket Mortgage and all Released Parties to pay

any person, attorney, expert, law firm for attorneys' fees or costs incurred on behalf of the Named

Plaintiffs and Participating Plaintiffs. The payment of Attorney Fees and costs shall be reported to

Plaintiffs' counsel on an IRS Form 1099. Notwithstanding the foregoing, this Settlement

Agreement is not subject to approval of any amount of attorney fees or costs. Any amount of the

Attorney's Fees and costs not approved by the Court shall be included as part of the Net Settlement

Amount.

**G.      Payments to Eligible Employees**

1.      Timing of Payments.   Within twenty-one (21) days after entry of the Approval

Order and receipt of a collective list from Rocket Mortgage which includes the Eligible Employees

name and address, and the number of workweeks worked by each Eligible Employee during the

Relevant Period, the total number of workweeks worked by each Eligible Employee, and the

DocuSign Envelope ID: 63C976C1-D703-4BBD-B41F-50EFD2692854

payment by Defendant of the Gross Settlement Amount, the Settlement Administrator will transmit all Settlement Notice Packets to Eligible Employees via First Class U.S. Mail to the last known address for each Eligible Employee, or such other address provided by the Eligible Employee to the Settlement Administrator. The Settlement Administrator may extend this period for good cause.

   2. <u>Tax Treatment of the Settlement Payments.</u> The settlement payments attributed to the Eligible Employees shall be allocated 50 percent (50%) to back wages and 50 percent (50%) to liquidated damages. The back wages shall be subject to all required employee-paid payroll taxes (federal income taxes, state income taxes, employee's share of FICA and FUTA taxes, and other state or local-specific statutory deductions) and other authorized or required deductions (garnishments, tax liens, child support, etc.). The liquidated damages shall be treated as non-wage income to the Eligible Employees. The Settlement Administrator shall report the back wage payments to the Internal Revenue Service ("IRS") on IRS Form W-2 and shall report the liquidated damages on IRS Form 1099.

   3. <u>Tax Responsibilities, Tax Advice, and Indemnification.</u> Other than the withholding and reporting requirements set forth herein, the Participating Plaintiffs shall be solely responsible for any necessary reporting of their respective shares of any federal, state, and/or local income or other tax, if any, on the settlement payments. Named Plaintiffs agree and acknowledge that they have not relied upon any advice from Defendant's or Plaintiffs' counsel as to the taxability of the payments received pursuant to this Agreement. As to the payments treated and

reported as non-wages, Named Plaintiffs agree to hold Defendant harmless for any tax due or owing by them on such payments.

4.       <u>Negotiation of Settlement Checks and Retention</u>.   The negotiating of a settlement check by any Participating Plaintiff provides sufficient consideration for his or her release of claims. Eligible Employees will have ninety (90) Days after the Settlement Notice Packets are mailed in which to deposit or otherwise negotiate their settlement checks. However, settlement checks not cashed or negotiated within ninety (90) days may be reissued once if the Parties mutually agree, or if the Settlement Administrator determines that there is good cause to do so with respect to a particular settlement check(s). If an Eligible Employee does not negotiate his or her settlement check within ninety (90) days of issuance, or thirty (30) days after reissuance, whichever is later, the funds related to the Eligible Employee's settlement payment will be designated as "Unclaimed Funds."

Any funds remaining in the Net Settlement Amount after payment to: (a) Participating Plaintiffs; (b) the Attorney's Fees and Costs to Plaintiffs' Counsel; and (c) applicable withheld federal, state, and local income taxes withheld from payments to the Participating Plaintiffs, shall be designated as "Unclaimed Funds." All Unclaimed Funds shall be returned to the Defendant within thirty (30) days following the date they are finally determined to be Unclaimed Funds by the Settlement Administrator.

**H.    <u>Release of Claims</u>**

1.       <u>Specific Release by Participating Plaintiffs</u>. Conditioned upon the entry of the Approval Order, and in exchange for the monetary consideration recited in this Agreement, Named

Plaintiffs hereby agree to dismiss the Lawsuit with prejudice, and they and all Participating Plaintiffs will release Defendant Rocket Mortgage, including any and all of Rocket Mortgage's predecessors, related companies, successors, subsidiaries, affiliates, joint ventures, owners, indirect and direct parents, partners, and their respective officers, directors, shareholders, members, owners, partners, investors, potential investors, insurers, administrators, plan administrators, trustees, attorneys, representatives, managers, employees, and agents (collectively the "Released Parties") from any and all federal, state, and local wage-and-hour claims of any nature whatsoever that accrued during their employment with Defendant, known or unknown, including, but not limited to, all federal, state, and local claims for overtime, minimum wage, unpaid wages of any kind, including claims based on an express or implied contract, or under any other theory along with all  related penalties, interest, liquidated damages, attorneys' fees, and costs. The release of claims applies from the beginning of Participating Employees employment with Defendants, through the date the Court approves the Settlement ("Release Period"). Plaintiffs also knowingly and voluntarily waive their rights, if any, to recover and/or receive any additional damages or other relief for any claim brought by the Department of Labor and/or any state or local agency on their behalf under all federal, state, and local laws which relate to the claims covered by this Agreement. Notwithstanding the foregoing, nothing in this Agreement is intended to operate as, nor shall be construed as, a release or waiver of any rights and/or claims that cannot be released or waived as a matter of law. This release also shall not limit Plaintiffs' ability to communicate with any Government Agencies or otherwise participate in any investigation or proceeding that may be conducted by any Government Agency as required by law.

2.      <u>Release by Named Plaintiffs</u>: Named Plaintiffs, on behalf of themselves as well as all heirs, and assignees, in addition to the release under paragraph H(1), do release and discharge Rocket Mortgage and all other Released Parties of and from any all claims, of any nature whatsoever that accrued during their employment with Defendant, known or unknown, that he or she has or may have against any Rocket Mortgage or any Released Party. The release herein is from the beginning of time until the date of his or her the execution of this Settlement Agreement. The release provided for under this paragraph is a general release and shall be interpreted as broadly as the law permits, and is intended to cover all federal, state, or local statutory, regulatory claims, contractual claims, and tort claims, as well as any and all claims based on the common law or any other source for seeking damages against Rocket Mortgage or any other Released Parties.

3.      <u>Release Language on Settlement Checks</u>.  Each Individual Settlement Payment issued to Eligible Employees will contain the following release language on the back of the check:

> By endorsing this check, I consent to join *Gilburd et al. v. Rocket Mortgage LLC* , Case No. 2:23-cv-00010-DLR (D. Arizona) and authorize the parties to file this endorsement with the Court. In doing so, I knowingly and voluntarily release, waive, and discharge Rocket Mortgage LLC and all other Released Parties as defined in the Settlement Agreement and/or Notice, from any and all federal, state, and local wage-and-hour claims of any nature whatsoever, known or unknown, including unpaid wages of any kind, including claims based on an express or implied contract, that accrued during my employment at Rocket Mortgage LLC from the beginning of my employment through [the date of entry the of the Approval Order], including, but not limited to, all federal, state, and local claims for minimum wage, overtime, unpaid wages of any kind, including those based on an express or implied contract and all related penalties, interest, liquidated damages, attorneys' fees, and costs.

By negotiating the settlement check, all Participating Plaintiffs are fully bound by the release described in this Agreement.

4.      <u>No Admission of Liability and Non-Admissibility</u>. By entering into this Agreement, Plaintiffs understand that Rocket Mortgage does not admit, and specifically denies, any liability or wrongdoing as alleged in the Lawsuit, and that Rocket Mortgage is entering into this Agreement solely for the purposes of avoiding costs of litigation and amicably resolving all disputes and causes of action brought by Plaintiffs against Rocket Mortgage. This Agreement does not constitute an admission by Rocket Mortgage or by any Released Party of any violation of any federal, state, local or common law or statute. In addition, this Agreement does not constitute an admission by Rocket Mortgage or any Released Party of any violation of any contract or other legal duty. Neither this Agreement nor anything in this Agreement shall be construed to be admissible, or shall be admissible, in any proceeding as evidence of wrongdoing by Rocket Mortgage or any Released Party.

5.      <u>No Publicity</u>. The Parties agree that, neither Plaintiffs, Defendants, or their counsel shall: (a) publicize the terms of this Agreement to any person, newspaper, magazine, radio or television station, website, Internet site, blog site or in any other manner; and/or (b) advise any present or former employees of any Released Parties of this settlement or any of the terms hereof, except as required by law, necessary for settlement administration, to advise a Eligible Employee about this Agreement, or to enforce the releases provided for by this Agreement, or as otherwise provided for by this Agreement.

Notwithstanding the foregoing, nothing in this provision intended to nor shall it prohibit Plaintiff's Counsel from advising any Eligible Employee about the Settlement or this Agreement. Nor shall this provision be deemed to prohibit or prevent Counsel for Plaintiffs from representing

15 | P a g e

an employee or former employee of any Released Parties in any other matter against Released Parties.

If it is established that a party has or their counsel has breached or caused any breach of the covenant of non-publicity, the breaching party shall be liable for all damages caused by such a breach, including attorney fees. Notwithstanding the forgoing, nothing in this paragraph shall be read to impact the administration of the settlement called for under Section D of this Agreement.

## I.   **Dismissal of Lawsuit**

1.      _Stipulated Approval Order_. Within fourteen (14) days of the Effective Date, the Parties will submit to the Court a stipulated order for approval of this Agreement. If the Court does not enter the stipulated order within fourteen (14) days, Plaintiffs agree to prepare and file a joint motion to approve this Agreement on or before May 30, 2024. If for any reason the Court will not approve this Agreement as drafted, the Parties agree to work together in good faith to reform this Agreement as necessary in order for it to be approved by the Court. To the extent the Court will not approve this Agreement, and the Parties are unable to reform the Agreement in spite of their good-faith efforts to do so, this Agreement shall be null and void.

2.      _Stipulated Order of Dismissal_. Upon the Court entering its Approval Order the Parties will sign and submit a stipulated order dismissing the Lawsuit with prejudice (if necessary). All Excluded Employees shall be dismissed without prejudice.

## I.   **Miscellaneous**

1.      The Parties agree that this Agreement is enforceable in a court of law. The Parties acknowledge that this Agreement constitutes a complete accord and satisfaction with respect to all

claims, demands, or causes of action that have been released by this Agreement and that the Parties' sole remedy for breach of this Agreement is specific enforcement of its terms.

2.      If any court shall determine that any provision herein is unenforceable, the Parties agree that any such provision, or part thereof, shall be reformed and construed consistent with the apparent purpose of the provision in order to avoid its unenforceability or, in the event that reformation is not possible, the provision shall be severed and all remaining provisions shall remain in full force and effect.

3.      Named Plaintiffs wholly rely upon their own judgment in executing this Agreement. Named Plaintiffs have had an opportunity to consult with their attorneys, investigate their claims, and understand that if they went forward with a claim, they could have a better result than that achieved here, the same result as achieved here, or a worse result than that achieved here. Named Plaintiffs have carefully read this Agreement in its entirety and voluntarily and willingly sign the same as a free act.

4.      Any disputes arising out of this agreement shall be governed by the laws of the State of Michigan, but for purposes of clarity, approval of the settlement shall be in accordance with Ninth Circuit law governing approval of such settlements.

5.      This Agreement may be executed in counterparts and by facsimile or scanned document, each of which shall be considered equally authentic and together shall be deemed to be one in the same document.

6.      The Parties acknowledge that the promises and covenants contained in this Agreement are the sole and total agreement of the Parties with respect to the matters set forth

herein; that there are no covenants, promises, agreements or representations with respect to the matters set forth herein other than as contained in this Agreement; and that in accepting the terms of this Agreement, Named Plaintiffs have not relied upon any promises, covenants, agreements or representations with respect to the matters set forth herein other than as expressed in this Agreement.

7.      The Parties agree that the terms of this Agreement cannot be changed, altered, modified, amended, or added to except in a writing that specifically refers to this Agreement and is signed by the Parties. The Parties expressly waive application of any local, state, federal, or foreign law, statute or judicial decision allowing verbal modifications, amendments, or additions to a contract notwithstanding an express provision requiring a writing signed by the Parties.

8.      This Agreement shall be inadmissible as evidence in any proceeding, except in an action or proceeding to approve, interpret, or enforce its terms.

9.      **THE PARTIES CERTIFY THAT THEY HAVE READ ALL OF THIS SETTLEMENT AGREEMENT AND FULLY UNDERSTAND ALL OF THE TERMS USED AND THEIR SIGNIFICANCE AND HAVE SIGNED THIS SETTLEMENT AGREEMENT VOLUNTARILY.**

**INDIVIDUAL SIGNATURE PAGES TO FOLLOW**

*Rachael Gilburd*
_____
Rachel Gilburd

05 / 09 / 2024
_____
Date

REMANDER OF PAGE BLANK

*Gilburd et al. v. Rocket Mortgage LLC*
**Settlement Agreement**
**Execution Copy**

_____          05 / 09 / 2024
Andrew Gebhart                                          Date

**REMANDER OF PAGE BLANK**

*Gilburd et al. v. Rocket Mortgage LLC*
**Settlement Agreement**
**Execution Copy**

*Daniel Featherstone*
_____
Daniel Featherstone

05 / 09 / 2024
_____
Date

**REMANDER OF PAGE BLANK**

_____     _____
Derek Martin                                                 05 / 09 / 2024

Date

**REMANDER OF PAGE BLANK**

_____          05 / 09 / 2024
                                          _____
Angela McGuire                            Date

+--------------------------------------------------------------+
|                                                              |
|                                                              |
|                                                              |
|               **REMANDER OF PAGE BLANK**                     |
|                                                              |
|                                                              |
|                                                              |
+--------------------------------------------------------------+

*Gilburd et al. v. Rocket Mortgage LLC*
**Settlement Agreement**
**Execution Copy**

_____

Kori Morin

05 / 09 / 2024
_____

Date

**REMANDER OF PAGE BLANK**

*Gilburd et al. v. Rocket Mortgage LLC*
**Settlement Agreement**
**Execution Copy**

DocuSign Envelope ID: 63C976C1-D703-4BBD-B41E-50EFD2692254

_____                    05 / 09 / 2024
Katherine Redas                                     _____
                                                    Date

REMANDER OF PAGE BLANK

_Erin Salava_
Erin Salava

05 / 09 / 2024
Date

**REMANDER OF PAGE BLANK**

_____     05 / 09 / 2024
David Vallejo                 Date

**REMANDER OF PAGE BLANK**

*Gilburd et al. v. Rocket Mortgage LLC*
**Settlement Agreement**
**Execution Copy**

*Nick Vincent*
_____
Nick Vincent

05 / 09 / 2024
_____
Date

**REMANDER OF PAGE BLANK**

_____          05/09/2024
Counsel For the Collective                _____
                                          Date

```
┌──────────────────────────────────────────────────────┐
│                                                        │
│                                                        │
│               REMANDER OF PAGE BLANK                   │
│                                                        │
│                                                        │
└──────────────────────────────────────────────────────┘
```

Rocket Mortgage, LLC
Defendant

*Austin Niemiec*
_____

By: _Austin Niemiec_____

Its: _CRO_____

5/10/2024
_____

Date

4886-8566-3420, v. 1